■ In the Matter of ANGELO DI DONNA, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents revoking petitioner's license to practice medicine, transferred to this court by order of the Supreme Court. The charge specification upon which petitioner has been found guilty after a hearing charges him with a violation of section 6514 (subd. 2, par. [a]) of the Education Law, in that "Heretofore and on or about and between February 26, 1954 and March 10, 1954, respondent issued narcotic drugs to one George Lockwood, not in good faith and in the regular course of his professional practice in the care and treatment of said person as a patient, but for the purpose of unlawfully supplying narcotics to the said George Lockwood for the satisfaction of his addiction to narcotic drugs." Lockwood, mentioned in the charge, was not called as a witness, but other witnesses were permitted to testify to conversations with him. Petitioner complains of the reception of this hearsay evidence and contends that there is insufficient legal evidence to sustain the charge. The committee on grievances was not bound by the laws of evidence and the hearsay testimony was permissible, but there must be sufficient legal evidence to sustain the determination. (Education Law, § 6515, subd. 5.) It appears

that Lockwood was a narcotic addict and was known as such by petitioner. He was temporarily employed by the Bureau of Narcotic Control of the New York State Department of Health because he had informed the bureau of purchasing narcotics from doctors. He was given money from which serial numbers had been recorded, carefully searched for narcotics, and sent to petitioner's office. Petitioner's office was on the ground floor of a building in which there was no other doctor's office. Lockwood was kept under constant observation of others who testified, until he entered petitioner's office and from the time he left the office. There is proof that on two occasions he had no narcotics when he went in; that he did have narcotics when he came out, and that a portion of the money which had been given him was missing when he came out. On the last occasion agents followed him into petitioner's office and, at a given signal, entered the private office and made a search pursuant to a search warrant. Narcotics were again found on Lockwood, and agents testified that petitioner dropped bills from his hand to the floor which were identified as those given Lockwood. There are other circumstances tending to establish the charge, plus unsatisfactory explanations by petitioner. The Regents Committee on Discipline expressly found that petitioner's explanations " with regard to his involvement in the Lockwood transactions are unworthy of belief ". A clear question of fact was presented, and the record contains substantial evidence to sustain the determination. Determination confirmed, without costs. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Gibson, J., taking no part.