■ JAMES F. MCDONALD, as Administrator of the Estate of THOMAS MCDONALD, Deceased, Respondent, v. KING's DEPARTMENT STORE, INC., Appellant.— *Per Curiam*. Appeal by defendant from an order of the Supreme Court at Special Term which (1) denied defendant's motion to dismiss the action for failure to serve a complaint and for failure of prosecution and (2) granted plaintiff's cross motion to require defendant to accept service of his complaint setting forth causes of action in negligence and for breach of warranty to recover damages for plaintiff's intestate's death and for his prior pain and suffering and medical and other expenses, caused by burns sustained by intestate when a shirt purchased at defendant's store ignited. It was the opinion of the Special Term that the research problems and other difficulties encountered by plaintiff's attorneys offered reasonable excuse for the delay. Defendant's claim of prejudice, on the other hand, depends on merely conclusory statements as to locating "key witnesses", and can properly be given little weight. Under all the circumstances, we find no sufficient basis for disturbing the Special Term's considered exercise of discretion. Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.

■ In the Matter of WILLIAM CASSELL, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— *Per Curiam*. Proceeding under article 78 of the CPLR to review a determination of the Board of Regents which revoked petitioner's license to practice pharmacy. Petitioner was charged pursuant to the pertinent statute (Education Law, § 6804, subd. 1, par. i) with willful and repeated violations of the Education Law relating to pharmacy. He was, upon adequate evidence, found guilty of each of many charges, including his stocking misbranded antibiotics and other drugs, for which a penalty of $1,000 had been assessed against him; the sale of drugs without a prescription, for which a penalty of $100 had been imposed; his authorization of a sale by his employee of a drug without a prescription; a number of sales by the same employee of drugs without prescription, of sales of narcotics and barbiturates without prescriptions and in unlabeled and misbranded containers and without making any record of their disposition; and stocking outdated and misbranded drugs. Under a second specification, he was properly found guilty of false statements in his application for registration of his pharmacy (Education Law, § 6804, subd. 1, par. a) in which he failed to disclose a criminal conviction of selling barbiturate drugs without a prescription. To the extent that certain of the administrative findings depended on the testimony of investigators, it was, of course, within the province of the subcommittee to accept that evidence and to deny credence to the contradictory testimony of petitioner and his employee, as the subcommittee explicitly did. Petitioner's contention that, although he was the owner and supervising pharmacist, he should not be penalized for the acts of his employee to whom he entrusted complete charge of the pharmacy is without merit (see Education Law, § 6805, subds. 2, 3-a) and, indeed, upon the hearing he conceded his responsibility. We find no basis for petitioner's contention that the Board of Regents acted arbitrarily or unreasonbly in imposing as punishment the revocation of his license and in thus declining to follow the recommendation of the State Board of Pharmacy that the license be suspended merely; and we find no warrant for any action on our part to modify the punishment thus imposed. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.