In the Matter of ARTHUR McKABA, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, November 4, 1968.

*Bernard Weitzman* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Thomas G. Conway* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. This is a proceeding under CPLR article 78 to review a determination of the Board of Regents which suspended the license of petitioner to practice pharmacy for six months.

The petitioner is a licensed pharmacist and the holder of a license for a retail pharmacy. Charges were preferred against him for the revocation of his license, and an administrative hearing was held on April 10, 1967 by the New York State Board of Pharmacy. Three charges were specified against him as follows: (1) Unprofessional conduct in that he failed to maintain records of all narcotic drugs received and disposed of, in violation of subdivision 3 of section 3333 of the Public Health Law and subdivision 10 of section 57 of the Regulations of the Commissioner of Education (8 NYCRR 63.3 [j]); having dispensed exempt narcotic drugs not in good faith as a medicine to persons he knew or should have known were misusing said drugs; having failed to give access to Inspectors of the Narcotic Control Bureau to records required to be kept by article 33 of the Public Health Law; (2) that he willfully or repeatedly violated article 137 of the Education Law, and (3) that he had been convicted of a

crime within the purview and meaning of paragraph b of subdivision 1 of section 6804 of the Education Law.

At the hearing a certified copy of the record of conviction of the petitioner for violations of sections 3324, 3325, 3333 and 3350 of the Public Health Law, based upon his plea of guilty, was introduced in evidence.

The Board of Pharmacy found the petitioner guilty of the charges contained in the three specifications, and determined that his license to practice pharmacy be suspended for three months on each specification, to run consecutively. On review the Regents' Committee on Discipline recommended "that the Board of Regents accept the findings of the State Board of Pharmacy, that respondent is guilty of all three specifications, as charged in the petition except that portion of the specification of unprofessional conduct charging respondent with failing to give an inspector of the Narcotic Control Bureau access to his narcotic records," and recommended that the measure of discipline be modified, and that petitioner's license be suspended for six months on each specification, said suspension to run concurrently. The Board of Regents accepted this recommendation and suspended the petitioner's license to practice pharmacy "for a period of six months on each specification, said suspension to run concurrently".

The execution and enforcement of this suspension has been stayed by this court pending a determination in this proceeding. It is undisputed that the evidence adduced at the hearing supports the findings of the Board of Pharmacy. The petitioner now contends, however, that the greater part of this evidence was obtained in violation of his constitutional rights in that no search warrant was obtained by the Inspectors of the Department of Health prior to their inspection of the petitioner's records and examination of his stock of narcotic drugs. The petitioner concedes that the Inspectors had a right to examine his purchase and sale records of narcotic drugs, and bases his contention of unlawful search on the ground that the Inspectors, without the benefit of a search warrant or permission from him, proceeded to summarily count his inventory of narcotic drugs.

The petitioner contends he was not asked for permission to count the inventory, and he simply absented himself while he suffered said inventory to be taken. The petitioner, however, testified at the hearing that whenever a pharmacy or narcotic Inspector came in and stated that he was from the Pharmacy Board, "I say, 'go right ahead, do what you want.' I would leave them in the store for five or ten minutes in the prescription department. I have nothing to hide, absolutely nothing." Thus,

by his own testimony, the petitioner granted the Inspectors a general permission to examine his records and inventory of narcotic drugs, and his contention that the counting of his inventory of narcotic drugs constituted an unlawful search is without merit. Further, the petitioner was represented by counsel at every stage of the hearings, and no objection was made to the introduction of the exhibits relating to the inventory counts made by the Inspectors nor to their testimony in this regard, and no evidence was presented to show that the Inspectors acted unlawfully. No objection having been made, the constitutional and legal issue on the admissibility of the evidence with regard to the licensee's inventory has not been preserved. (*Matter of Leogrande v. State Liq. Auth. of State of N. Y.*, 19 N Y 2d 418; *People v. Friola,* 11 N Y 2d 157.)

The petitioner also urges that testimony as to conversations between him and the Inspectors and written statements obtained from him by the Inspectors were illegally introduced in evidence against him because he was not represented by counsel at the time of the interviews, and because at no time was he informed of his constitutional rights. We find no merit in these contentions. At the time the interviews were conducted, no charges were pending against him. '' As to the presence of counsel, petitioner did not request counsel and the presence of counsel is not a mandatory requirement in an administrative proceeding such as the interview here involved despite the fact that information elicited might well provide the bases for subsequent criminal charges (*Matter of Groban,* 352 U. S. 330). Moreover, while the privilege against self incrimination would extend to the interview in question, petitioner did not raise the privilege at the time of the interview and his counsel made no specific objection on the grounds of self incrimination at the time the interview was read into the record.'' (*Matter of Popper v. Board of Regents of Univ. of State of N. Y.,* 26 A D 2d 871.)

Assuming that upon proper objection the evidence as to the interviews and statements would be inadmissible, there still remains ample evidence with regard to the inspection of petitioner's records of purchases and sales of narcotic drugs to sustain the suspension. In accepting his license the petitioner accepted the incident obligation of keeping the required records and permitting their inspection. The dangers and hazards of narcotics to health and public safety are known to all. Such records are nonprivileged records required by statute to be kept for proper regulation and protection of the general public and their inspection without a search warrant was constitutionally valid. (*People v. Laverne,* 14 N Y 2d 304.)

The petitioner's contention that his inventory did not constitute part of the records only begs the question. The purpose of the records is to balance out purchases and sales. Without an inventory no balance could be struck and the intent of the statute requiring the keeping of the records would be frustrated.

The final contention of the petitioner is that after the final determination by the Board of Regents was made, and during the pendency of this proceeding the Criminal Court of the City of New York set aside his conviction and permitted him to withdraw his plea of guilty, and that he was subsequently acquitted, and that by reason thereof the order of the Board of Regents should be reversed. In our opinion all that is required by reason of such change in circumstances is to modify the determination of the Board of Regents by striking therefrom that part thereof which found him guilty of having been convicted of a crime, and vacation of the penalty imposed by reason of such determination. We find no reason to otherwise disturb the determination of the Board of Regents. (*Matter of Shapiro* v. *Board of Regents of State of N. Y.,* 29 A D 2d 801.)

The determination should be modified by annulling the finding as to the third specification, and, as so modified, confirmed.

HERLIHY, J. P., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Determination modified by annulling the finding as to the third specification, and, as so modified, confirmed, without costs.