■ ORLOFF TOWERS, INC., Respondent, v VERMILYA-BROWN COMPANY, INC., et al., Defendants, and FIREMAN'S FUND INSURANCE COMPANY et al., Appellants.—Order, Supreme Court, New York County, entered July 28,

1975, denying the motions of the defendants-appellants Firemen's Fund Insurance Company, Tito D. Vincenzo, Division of Housing and Community Renewal of the State of New York and the New York State Housing Finance Agency to dismiss for failure to serve the complaint timely, unanimously affirmed, without costs and without disbursements. A motion to dismiss for failure to serve a complaint within 20 days after demand is addressed, under CPLR 3012 (subd [b]), to the discretion of the court *(Lavigne v Allen,* 36 AD2d 981). Where the plaintiff delayed service for a year and a half to attach to the complaint a lengthy schedule of defects which it knew it would ultimately have to provide to the defendants in this complex, million-dollar action involving construction of co-operative housing, and the defendants knew the reason for the delay either because they had been told by the plaintiff or because a similar procedure had been used in other cases in which they were involved, failure to dismiss was not an abuse of discretion *(McDonald v King's Dept. Store,* 27 AD2d 597). On the argument of the motions, appellant Firemen's Fund made an oral application, predicated upon its seeking "such other and further relief", to dismiss the action as time barred under CPLR 3211 (subd [a]). That application was not specifically decided by Special Term. In any event, since the parties have briefed the question, we note that the contention is without merit since there is a triable issue as to when the period of limitation would commence to run. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lynch, JJ.