■ In the Matter of SIDNEY T. SNYDER, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of SIDNEY T. SNYDER, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 2.)—Proceedings initiated in this court, pursuant to section 6510 of the Education Law, to review determinations of the board of regents which (1) in the first-entitled proceeding, suspended petitioner's license to practice pharmacy for a period of six months, and (2) in the second-entitled proceeding, suspended petitioner's registration as a pharmacy for a period of 26 weeks with a portion of such period being stayed upon certain conditions. Sidney T. Snyder was the president and supervising pharmacist of Sid's Pharmacy, Inc., located in Buffalo, New York. By these separate proceedings, he seeks review of determinations of the board of regents which suspended his license and the registration of that pharmacy upon certain

findings of violations of section 6804 of the Education Law as it then existed. The extent of the penalties imposed is not challenged and the only issues raised, which are common to both proceedings, concern the conduct of the hearing on the preferred charges and the sufficiency of the evidence to support the findings of guilt thereon. Upon examination of the record in its entirety, we find that the hearing was conducted in a fair and impartial manner. In particular, the error of the hearing panel, if it may be so characterized, in failing to exclude respondents' witnesses from the hearing room upon request, as it had done with petitioner's witnesses, did not prejudice his position for those witnesses were but two in number and offered testimony which, though connected with the same investigation, was essentially unrelated. Petitioner's attack on the sufficiency of the evidence to support the findings of guilt on the more serious charges is likewise without merit. The basic nature of those charges was that petitioner had failed to maintain adequate records of the purchase and disposition of the then nonprescription preparation known as Robitussin A. C. and had failed to dispense the same in good faith during the period from January 1, 1970 to May 26, 1970. The record convincingly demonstrates that the pharmacy was invoiced for 6,696 four-ounce bottles of that product by the wholesaler during the period; 3,720 bottles more than the purchase records supplied by petitioner could substantiate as having been received. That this discrepancy rested with fault in petitioner's records is further borne out by the fact that his books of sale during the same period disclosed that at least 4,482 such bottles of Robitussin A. C. were actually sold. It was also testified, without contradiction by way of cross-examination or contrary proof, that but 16 bottles were on hand at the end of the period. Thus, even if some 900 entries which could not be particularly identified in the sale records were assumed to have been of Robitussin A. C., the most casual observer would be forced to conclude that an extraordinary number of bottles had not been adequately accounted for during the period in question. Finally, petitioner's records contained several examples of repeated sales of this product to individuals of the same name and, on two occasions, of more than one sale to the same named person on the same day. Petitioner's varied suggestions that someone else may have sold this item without recording the transaction; that the wholesaler erred and had not shipped so many bottles; and that others were lost, destroyed or misappropriated, are all easily answered; there was no compelling proof that such was the case. In the same vein, Snyder's contention that his absence while another pharmacist was working mitigates his responsibility for these shortages is similarly untenable; as the supervising pharmacist it was his clear duty to control his employees; to see what was plain to be discovered from his own records, and to organize that record system in proper compliance with his professional obligations (cf. *Matter of Cohen v New York State Bd. of Pharmacy*, 27 AD2d 633, mot for lv to app den 19 NY2d 578; *Matter of Bernstein v Allen*, 26 AD2d 727). There is more than substantial evidence to support the findings of violations and, accordingly, the petitions should be dismissed (cf. *Matter of McKaba v Board of Regents of Univ. of State of N. Y.*, 30 AD2d 495). Determinations confirmed, and petitions dismissed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.