■ In the Matter of Abraham Jay, Petitioner, v Board of Regents of the University of the State of New York et al., Respondents. (Proceeding No. 1.) In the Matter of Abraham Jay, Petitioner, v Board of Regents of the University of the State of New York et al., Respondents. (Proceeding No. 2.)—Proceedings initiated in this court, pursuant to section 6510 of the

Education Law to review determinations of the board of regents which (1) in the first-entitled matter suspended petitioner's license to practice pharmacy for a period of six months, and (2) in the second-entitled matter suspended petitioner's certificate to conduct a retail pharmacy for a period of 26 weeks and stayed 24 weeks of the period upon certain conditions. Petitioner, Abraham Jay, is a duly licensed pharmacist and the sole owner of a pharmacy located at 979 Broadway, Buffalo, New York. After inspection of the pharmacy records and premises in December, 1970, charges of violations of former section 6804 (subd 1, par h) of the Education Law (now § 6509, subd [9]) constituting unprofessional conduct were lodged. A hearing was held before a panel of the State Board of Pharmacy which found petitioner had violated section 6804 (subd 1, par h) and made certain recommendations as to the measure of discipline. The findings and recommendations were forwarded to the regents committee on discipline which modified the disciplinary recommendation, in part, by recommending to the full board that the petitioner's personal license be suspended for six months and that the certificate authorizing petitioner to conduct a retail pharmacy be suspended for two weeks, followed by a stayed 24-week suspension with probation. The board of regents accepted its committee's recommendation and the Commissioner of Education executed appropriate orders which were served. By these proceedings petitioner seeks review and contends that the findings are not supported by substantial evidence; that the measure of discipline was excessive and disproportionate; and that his Fifth Amendment rights were violated in that he was called upon to testify. The thrust of the charges against the petitioner was that he did not keep accurate records that would truly reflect the receipt and sale of quantities of a certain exempt narcotic, Protussin A. C., during the audit period in question. Petitioner's records indicated no sales of Protussin A. C. during the period between August 13, 1970 and December 10, 1970 except for one sale on December 5, and showed total purchases from wholesalers to be 168 bottles, whereas the records of the wholesale supplier of petitioner's establishment showed sales to the petitioner of some 4,500 bottles during this period. At the hearing, the records of petitioner and the wholesaler were received and inspectors of the State Board of Pharmacy testified to the discrepancies. In support of his first contention, petitioner challenges the receipt of the records and the testimony of the inspectors, asserting that this evidence was hearsay and should have been excluded and that there is no substantial evidence to support the determination. We find this contention to be lacking of any merit. The questioned records were not only records kept in the usual course of business and, as such, admissible under CPLR 4518, but were records kept pursuant to the then existing law (Public Health Law, §§ 3333, 3334 [now § 3343, subd 2; § 3370]). Inspector Colucciello, in addition to being an experienced inspector, was a licensed pharmacist, eminently qualified to examine, evaluate, interpret and audit the invoices and reports. Additionally, it should be remembered that a hearing such as this is not governed by the technical rules of evidence, and the question presented for review is whether substantial evidence supports the determination (cf. *Matter of Di Donna v Board of Regents of Univ. of State of N. Y.,* 3 AD2d 797). We find that there is such support, and we note further that the testimony of the petitioner's wife, a cashier in the pharmacy, regarding Protussin A. C. sales is contrary to what petitioner's records demonstrate. The extent of our review of the sanction imposed when guilt has been confirmed is strictly limited, and the test is whether such punishment is " ' so disproportionate to the offense, in the light of all the circumstances, as to be shocking to

one's sense of fairness' " *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233). We do not find the measure of discipline here to be disproportionate to the offense nor shocking to our sense of fairness. Petitioner's contention that he was forced to testify finds absolutely no support in the record. Determinations confirmed, and petitions dismissed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.