■ In the Matter of ALLEN D. AGAR, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents. —Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education revoking petitioner's license to practice pharmacy and have a lesser penalty imposed. Petitioner, secretary-treasurer of Al-Jo Pharmacy, Inc., which does business under the name of Freistadt's Pharmacy, was charged with professional misconduct within the meaning of section 6509 of the Education Law on several grounds. First, petitioner was charged under section 6509 (subd [5], par [a]) with having been convicted of the crime of criminal possession of a dangerous drug in the sixth degree on his plea of guilty in satisfaction of an indictment charging him with selling a dangerous drug, a barbitunic acid derivative depressant, without a prescription. Petitioner was further charged with fraudulent practice of the profession of pharmacy under subdivision (2) of section 6509 for allegedly dispensing controlled drugs covered by the use of spurious physicians' prescriptions, dispensing generic drugs where bona fide prescriptions called for specific proprietary drugs, altering or causing to be altered bona fide prescriptions, accepting or causing to be accepted blank prescriptions signed by physicians, and refilling or causing to be refilled prescriptions without authority. The petitioner was also charged with unprofessional conduct under subdivision (9) of section 6509 for selling 50 capsules of Pentobarbital Sodium, a dangerous prescription required drug, without a prescription, issuing spurious physicians' prescriptions, failing to keep accurate records of all controlled substances received and disposed of in violation of subdivision 3 of former section 3388 and section 3322 of the Public Health Law, and selling and dispensing drugs in violation of the regulations of the Commissioner of

Education. The charges against petitioner were heard together with charges against Joseph Patti, president and supervising pharmacist of Al-Jo Pharmacy, Inc. (see *Matter of Patti v Nyquist,* 54 AD2d 792). Petitioner was found guilty of all of the charges against him and his license to practice pharmacy was revoked. In the instant proceeding, petitioner contends that the determination of the Board of Regents is arbitrary and capricious and is not supported by substantial evidence, and that the penalty imposed is an abuse of discretion. In his brief, and on the argument of this proceeding, the petitioner does not contend that he is innocent of professional misconduct, but rather that the penalty imposed is so shocking to one's sense of fairness that it is an abuse of discretion. We disagree with this contention. Much of the conduct with which petitioner was charged was admitted either by him or by his associate, Patti. Testimony was also offered by an inspector for the State Board of Pharmacy, by an employee of the Drug Enforcement Administration of the United States Department of Justice, and by two local police detectives. Petitioner is 36 years old and has been a licensed pharmacist in this State for 14 years. He and his associate, Patti, have owned and operated the pharmacy since 1971. He suggests that financial problems and others of his wife contributed to his professional misconduct. Because of the nature of the professional misconduct charged and the more than substantial evidence of petitioner's guilt, it cannot be said that the penalty imposed is shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.