■ In the Matter of JOSEPH PATTI, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.— Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education revoking petitioner's license to practice pharmacy and have a lesser penalty imposed. Petitioner is president and supervising pharmacist of Al-Jo Pharmacy, Inc., which does business as Freistadt's Pharmacy in Bayshore, New York. He was found guilty of professional misconduct within the meaning of section 6509 of the Education Law for permitting Allen Agar, secretary-treasurer of Al-Jo Pharmacy, Inc., to sell 50 capsules of a dangerous drug without a prescription (see *Matter of Agar v Nyquist,* 54 AD2d 791); for concealing or permitting concealment of sales of controlled drugs by using spurious physicians' prescriptions; for dispensing generic drugs where bona fide prescriptions called for proprietary drugs; for altering bona fide prescriptions; for accepting blank prescriptions signed by physicians; for refilling or causing to be refilled prescriptions without authority; for failing to cause accurate records to be kept of all prescriptions filled and refilled; and for failing to maintain accurate records of purchases and sales of controlled drugs as required by law. Much of the conduct with which petitioner was charged was admitted at the hearing. Testimony was also offered by an inspector for the State Board of Pharmacy, by an employee of the Drug Enforcement Administration of the United States Department of Justice, and by two police detectives from the Suffolk County Police Department. The record reveals substantial evidence to support the finding of guilt on all of the charges listed above and such finding must be affirmed. Petitioner's contention that it is unfair to consider, as against him, the criminal conviction of Mr. Agar, is without merit. The evidence discloses that petitioner, the supervising pharmacist, was present in the prescription department when Agar, the secretary-treasurer of the two-man corporation, sold 50 capsules of a controlled drug without prescription. Under the

circumstances, despite the petitioner's denial, the findings that he knew about the sale and failed in his duty as supervising pharmacist in not preventing it, was justified *(Matter of Snyder v Board of Regents of Univ. of State of N. Y.,* 50 AD2d 966). Petitioner's further contention that the revocation of his license is an abuse of discretion is likewise without merit. It has been repeatedly held that the test in such a case is whether the punishment is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). There was ample proof of several acts of professional misconduct, including alteration of records to misrepresent past conduct to the agencies charged with regulating dangerous drugs. Because of the nature of the acts proven, it is our opinion that the punishment is not disproportionate to the offense. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.