■ In the Matter of BENJAMIN MARTIN, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law to review determinations of the Board of Regents which revoked petitioner's license to practice pharmacy and the certificate of registration issued to him to operate a retail pharmacy. Petitioner was an owner and supervising pharmacist of a retail pharmacy located on Canal Street in the City of New York. Although he disparages some of the evidence which led to findings that he was guilty of several acts of professional misconduct, the sole contention urged by him in this proceeding is that the punishment imposed therefor by the Board of Regents is unduly harsh. Revocation of his license and certificate is the most severe penalty authorized (Education Law, § 6511). However, our review is strictly limited to the question of whether such action is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The misconduct consisted chiefly of a failure to adequately keep required records of controlled and narcotic drugs. While some lesser sanction might have been selected (cf. *Matter of Moskowitz v Board of Regents of Univ. of State of N. Y.,* 51 AD2d 836; *Matter of Jay v Board of Regents of Univ. of State of N. Y.,* 50 AD2d 967; *Matter of Snyder v Board of Regents of Univ. of State of N. Y.,* 50 AD2d 966), we are not prepared to say that the seriousness of the penalty represented an abuse of the Regent's discretion in this case. The proven violations were not unconnected or isolated incidents; they occurred over a lengthy period of time and dealt with the highly sensitive subject of regulating the dispensa-

tion of potentially dangerous items to members of the public. The professional responsibility of a pharmacist in this regard is of the highest order and we are not shocked when a transgression of this obligation produces a correspondingly serious punishment (see *Matter of Agar v Nyquist,* 54 AD2d 791; *Matter of Patti v Nyquist* 54 AD2d 792, mot for lv to app den 40 NY2d 807; *Matter of Cassell v Allen,* 27 AD2d 597, mot for lv to app den 19 NY2d 583). Determinations confirmed, and petition dismissed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.