■  HOME INDEMNITY COMPANY, Appellant, v CITY OF LONG BEACH, Respondent.—In an action *inter alia,* on a contract, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated November 22, 1976, as, upon granting its motion for reargument, adhered to that portion of a prior order of the same court which granted defendant-respondent's motion for leave to amend its answer. Order affirmed insofar as appealed from, with $50 costs and disbursements. Leave to amend pleadings shall be freely given, unless substantial prejudice can be demonstrated (CPLR 3025). Plaintiff-appellant's claim of prejudice is too speculative to justify denying defendant's motion for leave to amend its answer. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■  ANN M. VAN NESS, Also Known as ANN M. FISHER, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Defendant, and JOHN T. BALFE COMPANY, Appellant.—In an action to recover damages predicated upon breach of an insurance contract and a broker's malpractice, defendant John T. Balfe Company appeals (1) from an order of the Supreme Court, Westchester County, dated June 16, 1976, which (a) denied its motion pursuant to CPLR 3012 (subd [b]) to dismiss the action for failure to timely serve a complaint and (b) granted plaintiff-respondent's cross motion to be relieved of her default and (2) as limited by its brief, from so much of a further order of the same court, entered December 15, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated June 16, 1976 dismissed as academic. That order was superseded by the order entered December 15, 1976. Order entered December 15, 1976 affirmed insofar as appealed from. Plaintiff's time to serve her complaint is extended until 20 days after entry of the order to be made hereon. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. The papers submitted in support of the various motions indicate that the action may be meritorious, that the loss to plaintiff was substantial and that appellant has failed to show that it would be prejudiced by permitting the action to continue. Under these circumstances, Special Term did not abuse its discretion in denying appellant's motion to dismiss the action and in granting plaintiff's cross motion to be relieved of her default (cf. *Orloff Towers v Vermilya-Brown Co.,* 50 AD2d 740). This result is in accord with the strong public policy that actions be disposed of on the merits (see, e.g., *Dahlem v Universal School Bus Leasing,* 35 AD2d 992). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.