■     In the Matter of WILLIAM GLIWA, Petitioner, v BOARD OF REGENTS, Respondent.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Board of Regents which suspended petitioner's professional license to practice chiropractic for a period of two years with the last 18 months of said suspension stayed and petitioner placed on probation for said period. Petitioner, a licensed chiropractor, was charged with professional misconduct in that he practiced his profession fraudulently within the meaning of subdivision (2) of section 6509 of the Education Law and was guilty of unprofessional conduct within the meaning of subdivision (9) of section 6509

of said law. Both charges were based upon allegations that petitioner had knowingly submitted false Medicaid claims to the Department of Social Services of the City of New York for the treatment of a number of patients who, in fact, were never treated by petitioner or were not treated to the extent claimed by him. After a hearing petitioner was found guilty of the charges and the recommended penalty was suspension of his license for two years on each of the charges, to run concurrently, with the last 18 months of suspension stayed and petitioner placed on probation for that period. The findings and recommendations of the hearing panel were accepted and adopted by respondent board, and an order was entered to that effect by the Commissioner of Education. The hearing panel's report named five individuals for whom fraudulent claims were submitted, each of whom testified at the hearing. Petitioner testified that the treatments for which claims were submitted were rendered but he did not remember the patients; that patients sometimes used another person's Medicaid card; and he denied ever knowingly submitting fraudulent claims. It is clear from this record that there is substantial evidence that petitioner submitted Medicaid claims for treatment that was not in fact rendered, and the board's determination, therefore, should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). As to petitioner's contention that certain irrelevant and prejudicial testimony should have been excluded from the evidence, "it should be remembered that a hearing such as this is not governed by the technical rules of evidence" *(Matter of Jay v Board of Regents of Univ. of State of N. Y.,* 50 AD2d 967, 968). In any event, there is substantial evidence to support the board's determination without reference to or consideration of the testimony objected to. Nor should we disturb the penalty imposed, amounting to no more than a six-month suspension of petitioner's license, which we do not find to be so disproportionate to the offense as to be shocking to our sense of fairness *(Matter of Pell v Board of Educ., supra; Matter of Martin v Nyquist,* 55 AD2d 726). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.