■ In the Matter of LEE ZINMAN, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.— Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to annul a determination of the Commissioner of Education suspending petitioner's license to practice podiatry. The petitioner alleges in his brief as follows: "Petitioner does not dispute that he was convicted of a crime within the meaning of Section 6509(5)(b) of the Education Law nor that his admission of having committed the acts constituting such crime represents unprofessional conduct within the meaning of Section 6509(9) of the Education Law. However, Petitioner contends that the measure of discipline imposed by the Commissioner is so shocking to one's sense of justice as to warrant this Court annulling the Commissioner's judgment." The record does not establish that the discipline imposed was unwarranted (see *Matter of Gliwa v Board of Regents,* 58 AD2d 721, mot for lv to app den 43 NY2d 644) and, accordingly, this court may not interfere with the punishment *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.

■ HENRY L. DIAMOND, as Commissioner of Environmental Conservation of the State of New York, Respondent, v LEONARD B. LIBERMAN, Appellant.—Judgment, Supreme Court, Tompkins County, entered February 16, 1977, affirmed, without costs, on the opinion of Yesawich, J., at Special Term. Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.