### (January 4, 1979)

■ In the Matter of JOSEPH G. RAGUSEO, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law) to annul a determination of the Commissioner of Education suspending petitioner's license as a chiropractor in the State of New York for a period of three years, concurrently, upon each of two specifications of misconduct, but stayed the execution of one year of the suspension and placed petitioner on probation for that year. Petitioner, a chiropractor, was charged with having been convicted of an act constituting a crime under Federal law and with unprofessional conduct within the meaning of the Education Law (Education Law, § 6509, subd [5], par [b]; § 6509, subd [9]). Petitioner pleaded guilty to violating section 1341 of title 18 of the United States Code which involved using the mails in a scheme to obtain money by fictitious and fraudulent pretense and representation. A hearing was held on September 15, 1977 at which it was disclosed that petitioner submitted false and fraudulent invoices for professional services and signed invoices in blank in processing Medicaid claims to the government and proof of his plea of guilty to a crime was presented. Petitioner was found guilty of each of the charges. The hearing panel recommended a two-year suspension on each of the two specifications, to run concurrently, and recommended that 22 months of the suspension be stayed and petitioner be placed on probation for five years. Thereafter, the Regents Review Committee unanimously adopted the findings of the hearing panel but recommended that petitioner's license be suspended for three years on each charge, the suspension to run concurrently, but the execution of the last year be stayed and petitioner placed on probation for a year. The Board of Regents adopted the findings and discipline was recommended by its review committee. On March 3, 1978 the Commissioner of Education executed the order effectuating the decision of the Regents. In this proceeding, petitioner argues that the punishment meted out by the Board of Regents violates petitioner's constitutional rights in that it was arbitrarily administered in contravention of due process and the equal protection clause of the Fourteenth Amendment. It is contended that the petitioner was dealt with unequally as compared to others in similar circumstances, all of whom for similar violations received minimal punishment. Petitioner further contends that the punishment meted out was so disproportionate to the offense as to be shocking to one's sense of fairness. The power of an appellate court to review article 78 proceedings has been succinctly stated by the Court of Appeals in *Matter of Pell v Board of Educ.* (34 NY2d 222, 231), where it said: "The courts cannot interfere

unless there is no rational basis for the exercise of discretion or the action complained of is 'arbitrary and capricious.'" This petitioner is guilty of deliberate, planned and unmitigated larceny. His dishonest acts were repeated daily for several months. Each act involved grave moral turpitude and grave injury to the public. The penalty fits the nature of the violation. The mere fact that others guilty of such transgressions have escaped with lighter penalties does not justify a modification here. We find petitioner's due process argument not to be compelling. Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.