■ In the Matter of JOSEPH H. INGBER, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Respondent.—Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to annul a determination of the Commissioner of Education which revoked petitioner's license to practice as a chiropractor. In this proceeding the petitioner contends that he was dealt with unequally as compared to others in similar

circumstances, all of whom received less severe punishment for similar violations. Petitioner also contends that the punishment was so disproportionate to his offenses as to be shocking to one's sense of fairness. Finally, the petitioner argues that the determination was based upon evidence not presented at the hearing and that certain hearsay statements were admitted, thereby depriving the petitioner of his opportunity for cross-examination. With respect to the discipline imposed upon the petitioner, the issue presented is whether the discipline is so severe as to be shocking to one's sense of justice. *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Kenna v Ambach,* 61 AD2d 1091). The record reveals that the New York State Board of Chiropractic Committee on Professional Conduct and the Regents Review Committee considered all of the facts and circumstances of the matter. The determination that the petitioner's involvement was greater than that of his coconspirators is supported by substantial evidence and that others may have received lighter penalties does not warrant a modification in this proceeding *(Matter of Raguseo v Ambach,* 67 AD2d 738). With respect to the extraneous evidence and hearsay statements, "it should be remembered that a hearing such as this is not governed by the technical rules of evidence" *(Matter of Jay v Board of Regents of Univ. of State of N. Y.,* 50 AD2d 967, 968). Furthermore, there is substantial evidence to support the determination absent any consideration of the evidence objected to *(Matter of Gliwa v Board of Regents,* 58 AD2d 721). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.