■ MERCHANDISING PRESENTATION, INC., et al., Respondents, v JACK BLUMENFELD, Appellant.—Appeal from order, Supreme Court, Bronx County, entered February 26, 1979, denying defendant's motion to dismiss this action for failure to serve a complaint, is dismissed as academic, and the order entered May 4, 1979, granting defendant reargument but adhering to the earlier order, is reversed, on the law and in the exercise of discretion, and the defendant's motion to dismiss the complaint is granted, all without costs and without disbursements. In May, 1977 plaintiffs commenced a legal malpractice action charging defendant with negligently prosecuting a claim against the City of New York for flood damage sustained in 1973. Another flood occurred in 1975 and much of the same property was again damaged. Plaintiffs' substitute counsel sued the city based on the second occurrence. The malpractice action was filed because resolution of the parallel city litigation might not result in making plaintiffs whole and also to toll the Statute of Limitations. After receiving extensions of time to appear defendant did so on February 1, 1978 and demanded a copy of the complaint. Some 10 months later plaintiffs still had not responded to defendant's demand. On December 6, 1978 defendant moved to dismiss plaintiffs' action pursuant to CPLR 3012 (subd [b]). While decision on that motion was pending, plaintiffs' service of the complaint, on February 4, 1979, was rejected as untimely and these appeals followed. Plaintiffs had all of the information required to prepare the malpractice complaint when the summons was served. Their excuse for failing to timely serve that complaint, namely, the hope of securing satisfaction of the flood damage claim from other sources, thus lessening the damages defendant would ultimately be held liable for, is not a valid one. This absence of an acceptable excuse for delaying serving the complaint is determinative. (*Hellner v Mannow,* 41 AD2d 525.) There is no requisite that defendant show he was prejudiced by the delay. (*Verre v Rosas,* 47 NY2d 795.) Concur—Bloom, Silverman and Yesawich, JJ.

Fein, J. P., and Ross, J., dissent in a memorandum by Ross, J., as follows: I dissent and would sustain the denial of defendant-appellant's motion to

dismiss the action for failure to timely serve a complaint. The action was commenced on or about May 20, 1977, by service of a summons alone upon the defendant. After demand, plaintiff served a complaint on February 14, 1979, which was rejected. A motion to dismiss for failure to serve a complaint is directed, under CPLR 3012 (subd [b]) to the discretion of the court *(Orloff Towers v Vermilya-Brown Co.,* 50 AD2d 740). Under the circumstances presented herein there was no abuse of discretion. Plaintiff delayed serving the complaint in pursuit of an alternate means of settlement. There was no intent to abandon this action. Additionally, defendant failed to make an appearance for some nine months after commencement of this action. Dismissal without a determination on the merits is contrary to "strong public policy" (see, e.g., *Moran v Rynar,* 39 AD2d 718, advocating judicial resolution of actions).