Memorandum.
 

 The judgment, of the Appellate Division should be reversed, with- costs, the determination of the Waterfront Commission, reinstated, and the petitions dismissed.
 

 There was substantial evidence before the commission, considering both the evidentiary facts stipulated and the factual inferences reasonably to be drawn from them, to
 
 *915
 
 support the determination (cf.
 
 Matter of Police Benevolent Assn. of City of Yonkers v New York State Public Employment Relations Bd.,
 
 51 NY2d 779).
 

 In this case
 
 [1]
 
 the commission was entitled to draw reasonable inferences both from the testimony of the parties which was stipulated and as well from what was not testified to by them to the extent that the subject matter so omitted might properly be deemed to have been known to them had it existed. (Compare, e.g., the inference permitted when a party fails to call a witness to produce relevant evidence which would be available to him (PJI 1:75; Richardson, Evidence [10th ed], § 92). Thus, although there was testimony that Ciccone was looking for a raise in salary there was no evidence as to what justification he had advanced for such request or in particular that the request had been based on an assertion or recognition that he had additional responsibilities or was doing extra work. Similarly, while there was conclusory testimony that Ciccone was “subject to call” at certain times, there was no testimony as to how often, if indeed ever, he had in fact been called on to perform out-of-hours duty. Moreover both Byrne and Neitz testified that Ciccone had no need for a motor vehicle in the performance of his duties as extra-labor foreman. There was direct testimony that, had Ciccone’s compensation in the form of salary been increased, the employer would have had to increase the salaries of other employees. In view of this testimony coupled with the absence of any explanation why an increase in compensation in another form would not similarly have had to be matched, the inference was available, there having been no equivalent compensation given to other employees, that the assignment of the automobile was not considered an increase in compensation. Additionally the" testimony was that Ciccone was the only nonmanagement employee to be accorded the use of an automobile.
 

 As we have stated in another context, “One intent on violating the Law Against Discrimination cannot be expected to declare or announce his purpose. Far more likely is it that he will pursue his discriminatory practices in ways that are
 
 *916
 
 devious, by methods subtle and elusive — for we deal in an area in which ‘subtleties of conduct * * * play no small part’. (Cf.
 
 Labor Bd.
 
 v.
 
 Express Pub. Co.,
 
 312 U. S. 426, 437.)”
 
 (Matter of Holland v Edwards,
 
 307 NY 38, 45.) Similarly, participants in a scheme to evade the strictures of the Labor Management Relations Act, the New York State Labor Law or the Waterfront Commission Act would not be expected to provide express proof of their own derelictions. Accordingly, as with the testimony of any interested witness, it was for the trier of fact to determine whether or not the testimony of Neitz and Byrne had been colored, intentionally or unintentionally, by their self-interest. Beyond that, single-tier inferences must necessarily be relied on when the ultimate issue, as here, is really the state of mind and subjective purpose of the actors when they took the objective action. In this case it is undisputed that Ciccone, both an employee of the stevedore company and an officer of the labor union representing the employees of that company, was given the extraordinary advantage of the use of the Buick sedan. Whether there was a violation of statute depended on the purpose for which this was done. We are satisfied that there was substantial evidence to support the factual conclusion that by the provision of the leased 1976 Buick sedan for his personal use, Ciccone had been given something of value which was over and above his compensation for or by reason of his services as an employee of the stevedore company in violation of the statutory proscriptions.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Judgment reversed, etc.
 

 [1]
 

 . We recognize that the commission had both the burden of proof and the burden of going forward with the evidence.