■ In the Matter of James A. Thompkins, Appellant, v Waterfront Commission of New York Harbor et al., Respondents. — Order and judgment, Supreme Court, New York County (Scott, J.), entered May 29, 1980, denying petitioner's application in an article 78 proceeding to vacate orders of the Waterfront Commission of New York Harbor, dated October 19, 1979 and January 24, 1980, and dismissing his petition seeking a judgment directing the commission to grant his application for temporary registration as a longshoreman, affirmed, without costs. The facts are fairly stated in the dissenting opinion and the analysis of the respondent's discretionary power under the Laws of 1953 (ch 882, § 1, art 8, subd 3, par [c]) to deny registration as longshoreman to an applicant found "to constitute a danger to the public peace or safety" presents an issue not wholly free from doubt. However we are not persuaded that the statutory provisions disclose a clear intention to deny the Waterfront Commission power under article 8 (subd 3, par [c]) to consider the facts underlying a criminal conviction not listed in article 8 (subd 3, par [a]) and to determine on the basis of such an examination that an applicant constitutes a danger to the public peace or safety. Respondent could reasonably have concluded that the New Jersey conviction for disorderly conduct arose out of criminal activity in which the petitioner participated with others at 4:30 in the morning, and involved the use of a car and burglar's tools in a break in and larceny of another vehicle. So considered, that criminal activity provides an adequate basis for respondent's conclusion that petitioner should be denied inclusion in the longshoremen's register under article 8 (subd 3, par [c]) as a danger to the public peace or safety. It is conceivable that the above-described events could have been evaluated as involving minimal culpability on the part of the applicant. Furthermore, there are positive elements in the petitioner's over-all record to support the hearing officer's view that his presence on the pier would not represent an undue risk. However, these questions were for the respondent to resolve in the exercise of its administrative discretion and we are not persuaded that the denial of registration was arbitrary and capricious. Concur — Sandler, Silverman and Lynch, JJ.

Kupferman, J.P., dissents in a memorandum as follows: In this article 78 proceeding, the petitioner seeks to reverse the determination of the Waterfront Commission denying his application for temporary registration as a longshoreman. In his application, petitioner listed two convictions. One conviction was in 1966 for petit larceny, a misdemeanor, in the City of Columbia, South Carolina. At the time the petitioner was in the military service and he was part of a group of soldiers who were arrested for taking a pair of sunglasses. A small fine was assessed as a penalty. Incidentally, the petitioner was honorably discharged from the military service as a Viet Nam veteran, having received the Purple Heart. The second conviction, under the circumstances more serious, was for two violations of the New Jersey Disorderly Persons Act,

which provides (N.J.S. 2A:170-3) for a misdemeanor if you are carrying weapons or burglar's tools with intent to break in. On one violation, the New Jersey court imposed a suspended sentence, a fine of $100 and $25 costs and one year's probation. On the other violation, the New Jersey court imposed a 90-day suspended sentence. The matter is more serious because the petitioner was in a car with several other people and they were apprehended in connection with breaking into and trying to steal another car in a parking lot. There was insufficient evidence to prove that the petitioner, himself, was one of those breaking into the other car and his case was severed from that of his codefendants who were later indicted and convicted. The petitioner contended that while the others got out of their car, he remained and had no knowledge of their purpose. It should be emphasized that the petitioner did not seek to become a checker but rather a longshoreman, for which the requirements are less severe. The Administrative Law Judge, the late Alfred J. Scotti, not known for leniency in matters such as these (see *Ciccone v Waterfront Comm. of N. Y. Harbor,* 52 NY2d 913, revg 71 AD2d 195), after the hearing on the petitioner's application, stated: "I recommend that the Commission in the exercise of its discretion grant the application for Temporary Registration as a Longshoreman. I believe it would be in the best interest of the community, as well as the applicant, to give him the opportunity to demonstrate his capacity to serve efficiently and honestly as a longshoreman. It is also my belief that the possibility of his serving the best interests of his family, as well as himself, far exceeds whatever risk that may be suggested by his past misconduct." However, the commission did not follow this recommendation and denied the application for registration. While it may not be contended that the commission's determination is " ' "inequitable in the light of the surrounding circumstances" ' " (see *D'Ambrosio v Waterfront Comm. of N. Y. Harbor,* 76 AD2d 765, affd without opn 54 NY2d 673), there is another aspect of the matter that must be considered. The section which deals with the denial of applications for registration of longshoremen, reads as follows: "[Denial of application for registration; grounds] The commission may in its discretion deny application for inclusion in the longshoremen's register by a person (a) Who has been convicted by a court of the United States or any state or territory thereof, without subsequent pardon, of treason, murder, manslaughter or of any felony or high misdemeanor or of any of the misdemeanors or offenses described in subdivision (b) of section 3 of article V or of attempt or conspiracy to commit any of such crimes; * * * (c) Whose presence at the piers or other waterfront terminals in the port of New York district is found by the commission on the basis of the facts and evidence before it, to constitute a danger to the public peace or safety." The petitioner obviously does not come within subdivision (a). It could be contended that under article 5 (subd 3, par [b]) "possessing burglar's instruments", might be applicable. However, the commission did not make its determination based on that section. If it had, there is a provision for removing ineligibility after five years provided that the petitioner has "so conducted himself as to warrant the grant of such license".[*] The commission proceeded on the basis of paragraph (c) in that the presence of the petitioner would "constitute a danger to the public peace or safety." This catchall section was meant to cover serious situations, where known criminals, who have escaped conviction, seek employment on the waterfront. The Summary of Waterfront Commission Act prepared by the representatives of the State Crime Commis-

---

[*] While under subdivision 3 of article 8, the matter is discretionary, and therefore there should be no bar for another application in less than five years, this provision at least gives a hopeful cutoff date with respect to which previous transgressions can be forgiven.

sions of New York and New Jersey stated, as follows, with reference to this subsection: "In the light of the Crime Commission's disclosures of the activities of known waterfront gangsters who have so far escaped being convicted of crime, provision has been inserted to permit the Commission to deny registration as a longshoreman to a person 'whose presence on the piers or other waterfront terminals in the port of New York district is found by the Commission, on the basis of the facts and evidence before it, to constitute a danger to the public peace or safety.'" (McKinney's Unconsolidated Laws of NY, Book 65, following § 10060, pp 394, 398-399.) I would reverse and direct the granting of the temporary registration.