■ ROBERT L. HALL, Respondent, v STEVEN G. ROTHENBERG et al., Appellants. — Appeal from an order of the County Court of Ulster County (Vogt, J.), entered May 4, 1981, which conditionally granted defendants' motion to dismiss the action for failure to serve a complaint. Plaintiff, a surveyor, sued defendants for work, labor and services in the amount of $6,500. The action was commenced by service of a summons with notice on defendants Rothenberg and Zwiebel on January 5, 1979. Service of the complaint was demanded on January 19, 1979. A verified complaint was served on May 30, 1980, some 15 months after time to do so had expired. The complaint was rejected as untimely and returned on June 6, 1980 by defendants Rothenberg and Zwiebel. Defendants moved for an order dismissing the action for failure to serve a complaint by notice dated June 9, 1980. Plaintiff, by notice of cross motion dated June 16, 1980, moved to be relieved of his default in serving the complaint and for permission to serve a proposed verified complaint. The County Court, in a brief decision-order dated April 8, 1981, granted the motion of defendants to dismiss "unless the plaintiff serve his complaint within 20 days of service upon his attorney of a copy of this decision-order". This appeal by defendant ensued. The order of the County Court should be modified by deleting therefrom so much as grants permission to plaintiff to serve his complaint within 20 days of service of the "decision-order" and the action should be unconditionally dismissed. The only excuse offered by plaintiff's attorney for his delay in serving the complaint falls into the category of excuses found inadequate as a matter of law in *Barasch v Micucci* (49 NY2d 594). Plaintiff's attorney affirmed that the delay was the result of a "basic error in judgment". The error was that he believed defendants' attorney would take the opportunity afforded by the delay to settle the suit and avoid embarrassment. An excuse closely resembling that offered here was recently rejected by the Court of Appeals, citing the *Barasch* decision, in *Merchandise Presentation v Blumenfeld* (52 NY2d 867, affg 74 AD2d 523; see, also, *Cohen v First Nat. City Bank,* 75 AD2d 837, affd 52 NY2d 863). Order modified, on the law, by reversing so much thereof as permits plaintiff to serve a complaint within 20 days, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.