■ In the Matter of AMBER ROCK PHARMACY, INC., Doing Business as PARSON'S MEDICAL CENTER PHARMACY, et al., Petitioners, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Health, dated September 15, 1983, which, after a hearing, found petitioners in violation of certain sections of Public Health Law article 33 and certain rules promulgated by respondent in accordance therewith, and imposed a penalty.

Determination confirmed and proceeding dismissed on the merits, with costs.

Respondent's determination, which, *inter alia,* found the petitioner pharmacy to be in violation of certain rules and regulations requiring it to keep records of the receipt and dispensation of controlled substances, was supported by substantial evidence. At an administrative hearing respondent offered into evidence an audit conducted by its investigator showing unexplained overages and shortages of certain controlled substances, and the pharmacy produced an audit, conducted by its employee after receiving notice of pending charges, with contrary results. It is within the province of the administrative judge to accept the respondent's investigator's evidence and deny credence to contrary evidence offered by an interested party (*Ciccone v Waterfront Commn.,* 52 NY2d 913; *Matter of Cassell v Allen,* 27 AD2d 597, *lv denied* 19 NY2d 583).

Furthermore, while there was no evidence specifically linking petitioner Feldman to these violations, he may nonetheless be

held responsible, because as a supervising pharmacist he had a clear duty to supervise his employees and make sure adequate records were kept (*Matter of Snyder v Board of Regents,* 50 AD2d 966; *Matter of Bernstein v Allen,* 26 AD2d 727).

Finally, the civil fine imposed, based on the amount of overages and shortages and on the number of incomplete prescriptions filled, is not " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of McDermott v Murphy,* 15 AD2d 479, *affd* 12 NY2d 780). "Professionals have a serious responsibility not to abuse the trust which licensure places in them regarding controlled substances, and [the Department of Health has] the duty to protect the public" (*Matter of Davis v Ambach,* 91 AD2d 1113, 1113-1114; *accord, Matter of Kaplan v Board of Regents,* 87 AD2d 952; *Matter of Martin v Nyquist,* 55 AD2d 726). Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.