■ In the Matter of AMERICAN DIAGNOSTIC LABORATORIES, INC., Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated December 10, 1986, which, after a hearing, found that the petitioner had engaged in unacceptable practices and had received overpayments from the Medicaid program, and ordered restitution.

Adjudged that the determination is confirmed and the proceeding is dismissed, with costs.

The petitioner was a licensed clinical laboratory enrolled in the Medicaid program until June 8, 1984, at which time the respondent disqualified it from participating in the program by virtue of alleged unacceptable record-keeping practices. On November 8, 1984, the New York State Department of Social Services (hereinafter DSS) sent the petitioner a letter of intent to take administrative action regarding its allegedly having received close to $2,000,000 in overpayments, and further notified the petitioner that any evidence to be offered in response to such an action was to be submitted within 30 days.

On November 19, 1984, the petitioner responded by notifying the respondent of its difficulty in locating certain documents in question by virtue of a subpoena from another agency, the occurrence of fire, vandalism, and a flood.

By letter dated November 29, 1984, DSS notified the petitioner of its determination that the petitioner had in fact

engaged in the unacceptable practices alleged in its letter of November 8, 1984, and had been the recipient of overpayments. This letter included a DSS determination and order which demanded restitution of approximately $2,200,000. A hearing was thereafter conducted on December 20, 1984, at which time the petitioner offered the allegedly exculpatory documents for consideration and such evidence was admitted over the respondent's objection.

We find no merit in the petitioner's contention that it was prejudiced by the respondent's alleged failure to comply with 18 NYCRR 515.6 (a). The regulation reads as follows:

"Notification.

"(a) (1) If the commissioner or the commissioner's designee proposes to make a determination that a provider has engaged in an unacceptable practice or has received an overpayment, a written notice stating the reasons for the proposed determination shall be sent to the provider at the address to which payments were last sent or to his last known or designated address.

"(2) *Within 30 days of the date on the notice,* the provider shall submit any documentary evidence and written argument against the proposed action.

"(3) *After review of the provider's submittals, or no less than 45 days subsequent to the date of the notice* if no submittal is received, the commissioner or the commissioner's designee may make a determination that the provider has engaged in an unacceptable practice or has received an overpayment" (emphasis supplied).

The respondent construed the regulation to preclude the admission of any evidence offered 30 days after the issuance of its letter of intent. While we question the respondent's construction of the petitioner's letter dated November 19, 1984 as a submission of evidence pursuant to 18 NYCRR 515.6 (a) (3), thus allowing an administrative determination less than 45 days after the letter of intent, we find that the construing of the regulation in this manner did not affect the petitioner so as to require us to review this question. The Administrative Law Judge at the hearing on December 20, 1984, admitted the newly offered documents in evidence and the Commissioner considered these documents in his final decision. Thus, the petitioner was not prejudiced by any possible premature determination.

We also find that the Commissioner did not exceed his authority in disregarding the documents as lacking in credibil-

ity. The reasoning for so doing is clearly documented in the record and it was within the province of the Commissioner to accept the respondent's evidence and deny credibility to contrary evidence offered by an interested party *(see, Ciccone v Waterfront Commn., 52 NY2d 913; Matter of Amber Rock Pharmacy v Axelrod, 111 AD2d 848).*

Finally, the respondent's findings and determinations regarding overpayments to the petitioner are supported by substantial evidence and as such these findings should be upheld *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Pell v Board of Educ., 34 NY2d 222).* Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.