■     In the Matter of BEVERLY FARMS, INC., Petitioner, v JOHN S. DYSON, as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets which suspended petitioner's license as a milk distributor under subdivision (j) of section 258-c of the Agriculture and Markets Law. Subdivision (j) of section 258-c of the Agriculture and Markets Law provides that a milk dealer's license may be suspended if the licensee is a corporation and any individual "holding any position or interest or power of control" within the corporation has been previously "responsible in whole or in part for any act on account of which a license may be denied, suspended or revoked, pursuant to the provisions of this article." One of the statutory grounds on which suspension or revocation may be based is failure of a milk dealer to account or make payment without reasonable cause, for any milk purchased. Petitioner's milk dealer's license has been suspended on a finding by the commissioner, following a hearing, that one Lawrence Newman, the

president and a director of the petitioner corporation at the time such hearing was commenced, was responsible for the failure of Purity Farms (a corporation of which said Newman was the principal owner and operating officer) to make payment without reasonable cause for milk purchased. The commissioner found that before the hearing ended Newman had transferred all of his stock in petitioner corporation and resigned as president. He further found, however, that Newman continued as a director of petitioner corporation and that there existed an undisclosed agreement whereby Newman would retain such position and thereby continue to exert some control over petitioner. In view of Newman's ongoing association with petitioner corporation and his previous position, interest and power of control in Purity Farms, petitioner's license was thereupon suspended until it can satisfy the commissioner that Newman holds no position or interest or power of control in petitioner corporation. This article 78 proceeding was thereafter instituted. The statute involved provides that no license "shall be denied" to a person unless the disqualifying circumstances are proved by a preponderance of the evidence (Agriculture and Markets Law, § 258-c.) From an examination of the record, we conclude that petitioner was denied a fair trial because it was not notified of, or present at, the final day of hearings at which evidence was introduced which formed one of the basis for the final determination. We conclude further that such determination was based in critical part on evidence outside the record. The commissioner took official notice of and considered a letter and a number of enclosures dated almost two months subsequent to the close of the hearing. These documents were never entered into evidence and form no part of the record on review. This was improper and prejudicial (Matter of Simpson v Wolansky, 38 NY2d 391, 396). We also note that respondent's determination is based in part on the alleged refusal of petitioner's attorney to furnish a copy of the undisclosed agreement between Newman, petitioner and others. From a careful reading of the entire record we find no evidence to indicate that such a request was ever made or that petitioner refused to comply therewith. The commissioner's decision that Newman retained any position or interest or power of control in petitioner corporation is crucial. We cannot adequately review the present record and determine whether that decision is based on a preponderance of the evidence. In our opinion, the determination should be annulled and the proceeding remitted for a further hearing on the issue of Newman's position and control over petitioner. Determination annulled, and proceeding remitted for a further hearing on the issue of Newman's control over the petitioner corporation. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.