■ In the Matter of UPSTATE MILK COOPERATIVES, INC., Appellant, v STATE OF NEW YORK DEPARTMENT OF AGRICULTURE AND

---

* An order granting a motion to reargue is appealable (*see,* Siegel, NY Prac § 254, at 314 [1978]).

Markets et al., Respondents. (And Another Related Proceeding.) — Casey, J. Appeals from two judgments of the Supreme Court at Special Term (Kahn, J.), entered January 12, 1984 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to annul determinations of the Commissioner of Agriculture and Markets granting extensions of milk dealer's licenses to respondents Mesmer & Sons Dairy, Inc., and Eastern States Development Corporation.

Where an applicant's request for an extension of a milk dealer's license has been granted, the scope of judicial review in a CPLR article 78 proceeding brought by a competitor is limited to "whether the agency exceeded its authority or disregarded the statutory standards" (*Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 12). Pursuant to Agriculture and Markets Law § 258-c, the Commissioner of Agriculture and Markets cannot deny a licensed dealer's application for an extension unless he finds, by a preponderance of the evidence, that the applicant is not qualified, that the extension "will tend to be a destructive competition in a market already adequately served" or that the extension "is not in the public interest". Accordingly, where, as here, the Commissioner grants applications for extensions on the basis of the absence of the three findings referred to in the statute, he clearly acts within the authority vested in him by Agriculture and Markets Law § 258-c.

An examination of the Commissioner's determinations reveals that he did not disregard the statutory standards. The Commissioner recognized the interrelationship of the markets currently being served by the applicants and those for which the extensions were being sought. He also recognized that the granting of the extensions would "run some risk of triggering aggressive competitive practices by the affected milk dealers [but that] [t]his risk is overridden by the importance of providing a fair competitive market for the competing dealers in the two markets". As conditions to granting the applications, the Commissioner imposed a procedure for monitoring the applicants' sales activities in the affected areas for three years to ensure that competition does not deteriorate to destructive levels. We find the Commissioner's determinations to be rational, authorized by statute and within the statutory guidelines. Special Term's judgments, therefore, should be affirmed.

Judgments affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.