■ In the Matter of UPSTATE MILK COOPERATIVES, INC., Appellant, v JOSEPH GERACE, as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered March 27, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination granting Byrne Dairy, Inc., an extension to its milk dealer's license.

Byrne Dairy, Inc., operates a milk processing plant in the City of Syracuse, Onondaga County, and sells and distributes milk at wholesale in nine central New York counties. Byrne applied to respondent for an extension of its milk dealer's license to sell and distribute milk at retail in Genesee County and at retail and wholesale in Monroe County. After all licensed milk dealers in Monroe County were notified, a hearing was scheduled. Petitioner appeared and opposed the license extension sought by Byrne.

On May 25, 1983, an Administrative Law Judge recommended that Byrne's application be granted. However, on February 23, 1984, respondent denied the license extension for the sale of milk at wholesale in Monroe County since respondent, on July 12, 1983, had granted a license extension for Monroe County to another dealer, Mesmer & Sons Dairy, Inc. As a result, respondent concluded that "a grant of the requested extension would tend to a destructive competition in a market already adequately served and would not be in the public interest" *(see,* Agriculture and Markets Law § 258-c).

Thereafter, Byrne commenced a CPLR article 78 proceeding seeking to annul respondent's denial of the license extension. Issue was joined and the matter was transferred to this court for disposition. Petitioner moved, pursuant to CPLR 7802 (d), to intervene as a respondent in the proceeding. This court granted the motion and petitioner answered and filed a brief supporting respondent's determination. While petitioner's motion to intervene was pending, Byrne and respondent reached an agreement whereby the initial determination was reversed

without a hearing, and Byrne was granted a license to sell milk in Monroe County. Respondent's reversal of the initial determination was premised on a finding that he had improperly considered the impact of the previous grant of a license extension to Mesmer to sell milk in Monroe County. Consideration of the Mesmer license grant was improper because the Byrne application had been filed before the Mesmer application, and the Byrne hearing had been held and closed prior to the Mesmer hearing.

As a result of respondent's change of position, Byrne filed a motion for leave to discontinue the transferred article 78 proceeding before this court, and respondent submitted an affirmation in support thereof. Despite petitioner's opposition, the motion was granted. Petitioner then commenced the instant article 78 proceeding challenging respondent's redetermination. On February 8, 1985, Special Term confirmed the redetermination. This appeal by petitioner ensued.

Initially, we note that the scope of judicial review in a CPLR article 78 proceeding brought by a competitor to challenge the granting of an extension of a milk dealer's license is limited to "whether the agency exceeded its authority or disregarded the statutory standards" *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 12; *see, Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkts.,* 108 AD2d 951, 952, *lv denied* 65 NY2d 602). Here, after the Byrne hearing, the Administrative Law Judge concluded that "entry of another milk dealer of the nature of a Byrne Dairy would not tend to a destructive competition in the market and would serve the public interest". While respondent's initial determination agreed with that assessment, Byrne's application was denied because "[i]t would be inadvisable to grant a * * * license for the county * * * before having an opportunity to gauge the sales penetration and competitive impact Mesmer will have on the market". However, when respondent reconsidered the matter, he concluded that he had unfairly considered the Mesmer grant and, therefore, granted the Byrne application. Since Agriculture and Markets Law § 258-c not only empowers respondent to afford an applicant a hearing before denying an application, but also authorizes him to grant a license without a hearing if he is satisfied that the granting of a license is in the public interest, we conclude that the lack of a second hearing before granting the Byrne application was not an abuse of statutory authority.

There is also case law supportive of this conclusion. In *Matter of Farmland Dairies v Barber* (65 NY2d 51), respon-

dent denied a dealer's license extension application because of the dealer's out-of-State conviction for price rigging. The conviction, however, had a condition that "it was not to be used for evidential purposes in any civil proceeding" (p 53). The Court of Appeals held that the conviction and its condition were entitled to full faith and credit and should not have been considered by respondent. The court ordered a redetermination without reference to the conviction (pp 56-57; *see also, Matter of Beverly Farms v Dyson,* 53 AD2d 720, 721). Accordingly, we hold that respondent improperly considered the Mesmer grant and was within his statutory authority in reconsidering the Byrne application. Furthermore, without reference to the Mesmer grant, the record supports the grant to Byrne by a preponderance of the evidence. Since respondent considered the factors enumerated in Agriculture and Markets Law § 258-c, a rehearing was not required *(see, Matter of Dairylea Coop. v Walkley, supra; Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkts., supra).*

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.