■  In the Matter of SALVATORE J. PANNONE, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.—Proceeding initiated in this court, pursuant to section 6510 of the Education Law, to annul a determination of the Commissioner of Education suspending petitioner's license to practice as a physician. During September, 1972 petitioner began treating a patient shortly after the death of her husband who petitioner had treated for cancer by prescribing certain drugs. After diagnosing the widow's condition as severe depression and possible renal colic, petitioner prescribed the same drugs for her for a period of several months. Concerning one of these drugs there was testimony at the hearing that the amount of the daily dosage prescribed was about three times the amount of the dosage prescribed in the approved drug addicts program. During a two-month period petitioner issued 80 prescriptions for this patient. After a narcotics investigation of these prescriptions had begun the dosage was reduced and the patient left petitioner's care. Petitioner was charged with practicing the profession fraudulently and unprofessional conduct in violation of subdivisions (2) and (9) respectively of section 6509 of the Education Law in that he unlawfully prescribed inordinate quantities of narcotic drugs to a patient not in good faith and not in the regular course of his professional practice but for the purpose of unlawfully supplying narcotic drugs in violation of the Public Health Law. Petitioner was also charged with unprofessional conduct in failing to report a habitual user of narcotic drugs in violation of section 3344 of the Public Health Law. After a hearing he was found guilty of all charges and a suspension of his license for two years was recommended with a stay of the last 18 months of the suspension. The Regents Review Committee agreed with the findings, but modified the stay to 12 months. The Commissioner of Education adopted all of the review committee's recommendations. This proceeding ensued. Initially we conclude on this record that there is substantial evidence to support the determination here under review *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Tompkins v Board of Regents of Univ. of State of N. Y.,* 299 NY 469). This court is also of the view that the discipline imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness and thus should not be disturbed *(Matter of Pell v Board of Educ., supra; Matter of Stoltz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361). Petitioner also raises the issue of *res judicata.* Prior to the Department of Education hearing, petitioner was brought before the Department of Health on alleged violations of sections 3305 and 3330 of the Public Health Law in that he prescribed narcotic drugs to this same patient not in good faith. This charge was dismissed by that agency for insufficient legal evidence, although petitioner was found guilty of failing to report a habitual drug user. Petitioner urges that the Department of Health's finding of insufficient

evidence to support the charge that petitioner acted not in good faith should have been binding on the Department of Education. It is well established in New York that the principles of *res judicata* are applicable to the determination of administrative agencies *(Matter of Evans v Monaghan,* 306 NY 312). This court is of the view, however, that essential differences between the sections of the Public Health Law and the Education Law herein involved preclude application of the principles of *res judicata* in the present situation *(Matter of Weiss v Franklin Sq. & Munson Fire Dist.,* 309 NY 52). The Department of Health in this case was concerned with controlling the flow of narcotic drugs to the public while the Education Department had as its objective the regulation of the conduct of licensed physicians. It is apparent that the purposes of the relevant provisions differ substantially. The basic dissimilarities presented necessitate the conclusion that *res judicata* is not applicable under these circumstances. Consequently, the Department of Education was not bound by the findings of the Department of Health. The board's determination should not be disturbed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.