■ In the Matter of BERSOTO PHARMACY, INC., Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. —Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Commissioner of Education revoking the petitioner's certificate to operate a retail pharmacy. After hearings before a panel of the New York State Board of Pharmacy, at which the petitioner appeared by its president and was represented by an attorney, and during which witnesses were heard and evidence received, the petitioner was found guilty of unprofessional conduct within the purview and meaning of subdivision 9 of section 6509 of the Education Law. It was recommended that the certificate authorizing it to conduct a retail pharmacy business be revoked. The Regents Review Committee unanimously accepted the findings and recommendations of the hearing panel and the Board of Regents adopted the findings and recommendations of its review committee. The Commissioner of Education issued a determination on March 8, 1977 implementing the recommendation. From that determination this proceeding ensued. The president and sole stockholder of the petitioner is not a pharmacist. The petitioner does not contest the findings of the violations which consisted, *inter alia,* of sales of prescription drugs without a prescription or refill prescription, sales of misbranded drugs, numerous instances of dispensing of controlled drugs on forged prescriptions, forged prescriptions which should have raised suspicion as to their authenticity, sale of prescription drugs by nonpharmacists and failure to account for all prescription drugs purchased. Petitioner alleges that since there was no finding that the petitioner's president and sole stockholder committed or knew of any of the violations and because new supervisory personnel have been hired since the last violation, the penalty of revocation is too severe and the determination should be annulled. We find such arguments unpersuasive because the owner of a retail pharmacy is responsible for the proper conduct of a pharmacy (Education Law, § 6808, subd 2, par e; *Matter of Cassell v Allen,* 27 AD2d 597). Petitioner further alleges that other pharmacies which have been found guilty of identical or at least similar charges did not have their certificates revoked, and in support thereof sets forth several cases and decisions. If the administrative agency's determination is based on substantial evidence, however, the penalty imposed is a matter of discretion to be exercised solely by the agency. Such penalty is not to be disturbed unless it is clearly disproportionate to the offense and inequitable in the light of surrounding circumstances. The

guidelines in these matters were set forth in *Matter of Pell v Board of Educ.* (34 NY2d 222, 234): "it may be ventured that a result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure of turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals. Additional factors would be the prospect of deterrence of the individual or of others in like situations, and therefore a reasonable prospect of recurrence of derelictions by the individual or persons similarly employed." Applying these standards to the instant proceeding, the penalty imposed must be allowed to stand. The public has an interest in being protected from unreliable and untrustworthy pharmacists, and the responsibility for effectively providing that protection rests with the Board of Regents and the Commissioner of Education. Broad discretion must be accorded the board and the commissioner in imposing penalties *(Kostika v Cuomo,* 41 NY2d 673). Considering the violations found in this case, undisputed on this proceeding, the penalty of revocation is not shocking to one's sense of fairness and, therefore, provides no basis for upsetting the determination. Determination confirmed and petition dismissed, with costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.