■    In the Matter of WILLIAM A. KENNA, Petitioner, v GORDON M. AMBACH, as Commissioner of Education, et al., Respondents.—Proceeding initiated in this court, pursuant to section 6510 of the Education Law, to review a determination of the Commissioner of Education revoking petitioner's license to practice as a physician. The petitioner was found guilty of professional misconduct in that he practiced his profession fraudulently and committed "unprofessional conduct" (Education Law, § 6509, subds [1], [9]). The hearing panel found that petitioner had prescribed very large quantities of the drugs Tuinal and Doriden to five different persons whom he knew to be drug addicts and that he had prescribed these drugs not because he thought them useful in treating the addicts but because the addicts demanded these particular drugs. The only issue raised by petitioner is whether the penalty imposed, revocation of his license to practice medicine, is excessively harsh. Although the petitioner's improper actions apparently were not done for venal motive and his prior professional record is unblemished, we are constrained to let stand this harsh penalty. The entire system

for controlling dangerous drugs is based on the assumption that physicians will exercise their prescription-writing power to treat patients and not to supply drugs to addicts. Even where the drugs are prescribed out of sympathy for the addict, it is within the competence of the Regents to severely penalize the abuse of the prescription power *(Matter of Pannone v New York State Educ. Dept.,* 54 AD2d 1014). In *Pannone* the physician prescribed barbiturates for a widow after the death of her husband. The widow, who had cared for her cancer-stricken husband, apparently had become addicted to the drugs prescribed for him. This court upheld the two-year license suspension, one year of which was stayed by the Regents. In the case at bar the petitioner was guilty of much more serious abuse of his power to prescribe dangerous drugs. At least five different addicts, not regular patients of the petitioner, were given prescriptions for very substantial amounts of dangerous drugs. In light of the limited review this court has over the propriety of the penalty imposed in these matters (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 234), the determination must be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.