■ In the Matter of SUMAN K. DASS, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 initiated in this court, pursuant to subdivision 4 of section 6510-a of the Education Law, to review a determination of the Board of Regents which revoked petitioner's license to practice medicine. Petitioner was charged with the fraudulent practice of medicine as a result of his unlawful issuance of prescriptions for controlled substances to persons, not in good faith, and not in the regular course of his professional practice in the care and treatment of those persons, during the periods January 1, 1975 to March 10, 1975 and January 24, 1977 to February 23, 1977. He was also charged with unprofessional conduct within the purview of subdivision (9) of section 6509 of the Education Law for his failure to maintain proper records with respect to the dispensing of large quantities of controlled substances between November 17, 1976 and February 24, 1977. Review of the minutes of the hearing before the hearing committee of the State Board for Professional Medical Conduct reveals that the petitioner stipulated to his guilt upon each of the charges of misconduct contained in the statement of charges. His assertion that he made the "confessions" upon the assurance that his license would not be revoked is without credible support in the record. While the precise terms of the understanding are not clear, its import, at most, was that the panel would recommend a suspension of petitioner's license but with a stay thereof. This is precisely what the panel did. Its recommendation is not binding on the Board of Regents and this was understood. Moreover, the petitioner signed admissions of guilt "of my own free will without fear or promise of immunity" and "without threat, duress or promise of immunity". Accordingly, the determination of guilt is conceded and we look now to the sanction imposed. Though we are not unmindful of the mitigating circumstances present here, we cannot overlook this thoughtless, careless, irresponsible, flagrant and indiscriminate dispersal of dangerous drugs, and the possible consequences are frightening to contemplate. The entire system for controlling dangerous drugs is based on the assumption that physicians will exercise their prescription-writing power to treat patients and not to supply drugs to addicts *(Matter of Kenna v Ambach,* 61 AD2d 1091; *Matter of Pannone v New York State Educ. Dept.,* 54 AD2d 1014). Our review of the propriety of the penalty imposed in these matters is severely restricted (see *Pell v Board of Educ.,* 34 NY2d 222, 233, 234), and under the circumstances here prevailing, we cannot conclude that the penalty was either shocking or inappropriate. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.