■ In the Matter of ROBERT WIDLITZ, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.— Proceeding pursuant to CPLR article 78, initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law, to review a determination of the Commissioner of Education which revoked petitioner's license to practice as a physician. Petitioner, a physician, was charged with four specifications of professional misconduct. He was found guilty of only the third specification charging him with professional misconduct by virtue of practicing the profession with negligence or incompetence on more than one occasion within the meaning of subdivision (2) of section 6509 of the Education Law. The hearing panel recommended that petitioner's license be revoked but that such revocation be stayed and petitioner be placed on probation for two years. The findings and conclusions of the panel were accepted, but the recommendation of the measure of discipline was modified and petitioner's license to practice medicine was revoked. Petitioner contends that the discipline imposed is excessively harsh. Our review over the propriety of the penalty imposed in these matters is limited (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). The record reveals that petitioner on various occasions prescribed Desoxyn, a controlled substance, for individuals, some of whom he knew were drug addicts, without conducting a physical examination. The record also reveals in mitigation that the prescriptions were not issued for monetary gain and petitioner's previous record is unblemished. Considering the record in its entirety, we cannot conclude that the penalty was either shocking or inappropriate (see *Matter of Dass v Board of Regents of Univ. of State of N. Y.,* 73 AD2d 997; *Matter of Kenna v Ambach,* 61 AD2d 1091). The misconduct was serious and

respondents have the duty to protect the public. We also reject petitioner's contention that he was improperly charged in the third specification. It was alleged therein that he practiced the profession with negligence or incompetence "on more than one occasion", while subdivision (2) of section 6509 of the Education Law, at the time the alleged misconduct occurred, used the language "on repeated occasions". The specification was adequate to apprise petitioner of the charges against him so as to enable him to adequately prepare and present a defense and, therefore, must be deemed sufficient (cf. *Matter of Fitzgerald v Libous*, 44 NY2d 660; *Matter of Shapiro v Board of Regents of Univ. of State of N. Y.*, 16 NY2d 783). Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.