◼ In the Matter of MARTIN D. KAPLAN, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to review a determination of the Commissioner of Education which revoked petitioner's license to practice dentistry in New York State. In a stipulation dated July 14, 1980, petitioner admitted various violations of article 7 of the Public Health Law. In May, 1981, disciplinary proceedings against him were referred directly to a Regent's Review Committee, without an evidentiary hearing, under section 6510 (subd 2, par d) of the Education Law (added by L 1980, ch 866, § 5, eff Jan. 1, 1981). The committee unanimously found petitioner guilty of professional misconduct and recommended that his license to practice dentistry be revoked. The Board of Regents adopted the findings and recommendation and revoked petitioner's license.

Petitioner then instituted the instant proceeding. Petitioner does not contest the violations, which consisted of dispensing 1,640 Percodan tablets and 6,845 Quaalude 300 mg. tablets between March, 1977 and February, 1980 without maintaining records required by the Public Health Law; and failing to use suitable and appropriately labeled containers, to prepare the required New York State prescriptions, to retain duplicate copies of Federal drug order forms, and to prepare and maintain the required inventory of controlled substances. Petitioner alleges that his due process rights were violated by the use of section 6510 (subd 2, par d) of the Education Law since his misconduct was committed prior to January 1, 1981, the effective day of this direct referral procedure. However, " 'The procedure in an action is governed by the law regulating it at the time any question of procedure arises' " (*Matter of Clayton v Clement,* 33 NY2d 386, 390; see, also, McKinney's Cons Laws of NY, Book 1, Statutes, § 55; *Matter of Colt Inds. v Finance Administrator of City of N. Y.,* 54 NY2d 533). Since petitioner's disciplinary proceeding was instituted after the effective date of section 6510 (subd 2, par d), this procedure was properly used for him, and it is irrelevant when his misconduct occurred. Furthermore, under the direct referral procedure, which is authorized only in cases of professional misconduct based upon convictions of crimes or administrative violations, petitioner was notified of the scheduled hearing and invited to submit a written answer, affidavits, or a brief; and he did, in fact, file a brief and character letters and appear with counsel before the committee. Petitioner also alleges that the penalty of revocation was so disproportionate to the offenses charged that it should be set aside. He states in mitigation of his drug dispensing violations that he and his wife were the sole users of the drugs, that he has managed to stop using them since April, 1981 when the State Department of Health initiated its investigation of him, and that he has an otherwise unblemished record. In an administrative action, where a finding of guilt is confirmed, the punishment will not be disturbed unless it is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness.' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Petitioner's guilt was established by his stipulation. Professionals have a deep responsibility not to abuse the trust which licensure places in them by violating the laws controlling dangerous drugs (*Matter of Dass v Board of Regents,* 73 AD2d 997; *Matter of Bersoto Pharmacy v Board of Regents,* 58 AD2d 908). Considering the undisputed violations found in this case, the penalty of revocation is not shocking to one's sense of fairness. Therefore, there is no basis for upsetting the determination. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.