■ In the Matter of FERIDUN GUNDUY, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law) to review a determination of the Commissioner of Education revoking petitioner's license to practice as a physician in New York State. Petitioner was charged with professional misconduct by reason of his being convicted of committing an act constituting a crime under Federal law within the meaning of section 6509 (subd [5], par [a], cl [ii]) of the Education Law. He was also charged with unprofessional conduct in violation of subdivision (9) of section 6509 of the Education Law and practicing the profession fraudulently in violation of subdivision (2) of section 6509 of the Education Law. These charges were based upon petitioner's conviction under Federal Law of seven counts of an indictment, said counts involving the possession and distribution of large amounts of amphetamines and furnishing false information in required reports and records. Following a hearing before a committee of the State Board for Professional Medical Conduct, petitioner was found guilty of all three charges and the committee recommended that his license be revoked. A regents review committee recommended the acceptance of the hearing committee's findings and recommendation. The Board of Regents accepted the findings and recommendation of the hearing committee and the regents review committee and, thereafter, the Commissioner of Education ordered the revocation of petitioner's license to practice as a physician. The present proceeding then ensued. Petitioner's sole contention in this proceeding concerns the severity of the penalty imposed. We are severely restricted in our review of the propriety of the penalty imposed in these matters (*Matter of Widlitz v Board of Regents of Univ. of State of N. Y.,* 77 AD2d 690). We would also note the considerable responsibility of professionals not to abuse the trust which licensure places in them by violating the laws controlling dangerous drugs (*Matter of Kaplan v Board of Regents,* 87 AD2d 952, 953). Upon our review of the record, we cannot say herein that the penalty of license revocation is so disproportionate to the offense as to be shocking to one's sense of fairness and, therefore, the determination will not be disturbed (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Dass v Board of Regents of Univ. of State of N. Y.,* 73 AD2d 997). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.