■ In the Matter of HERBERT JACOBS, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice pharmacy. ¶ Petitioner, a licensed pharmacist, was found guilty after a hearing of charges of unprofessional conduct, practicing the profession with gross negligence, practicing the profession with negligence on specified occasions and having committed fraud in the practice of his profession. ¶ Included among the charges of which petitioner was found guilty were allegations that he failed to maintain proper, adequate and correct records of the disposition of controlled substances, including Quaalude, Tuinal and Seconal; that he allowed a quantity of Quaalude to be dispensed on an altered prescription; that he dispensed or allowed to be dispensed the controlled substances Quaalude, Tuinal, Seconal and Desoxyn on over 350 forged prescriptions; that he dispensed or allowed to be dispensed the controlled substance Quaalude on a prescription which failed to state the amount to be dispensed; and that he dispensed Quaalude on a prescription which failed to indicate the date the prescription was issued. ¶ The hearing panel, taking a serious view of the misconduct committed by petitioner, recommended to the Board of Regents that petitioner's license to practice as a pharmacist be revoked on each specification of the charges of which he was found guilty. A Regents Review Committee reviewed the record and briefs submitted by the parties and recommended that the findings, determination and recommendation of the hearing panel be accepted. Thereafter, the Board of Regents voted to accept the findings, determination and recommendation of the hearing panel and the committee and authorized the Commissioner of Education to revoke petitioner's license and registration to practice as a pharmacist in the State of New York upon each specification of the charges of which he was found guilty. The commissioner issued such an order of revocation and this proceeding for review of that determination ensued. ¶ The only question raised in this proceeding is whether the measure of discipline imposed, i.e., revocation of license, was so disproportionate to the offenses proven as to be shocking to one's sense of fairness. We answer in the negative. The determination of the Commissioner of Education should be confirmed and the petition dismissed. ¶ Where, as here, there is no dispute as to the factual finding of guilty, the test to be applied by a reviewing court is whether the punishment imposed is " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; see, also, *Schaubman v Blum,* 49 NY2d 375; *Kostika v Cuomo,* 41 NY2d 673). Petitioner's argument that the acts for which he was found guilty consisted of nothing more than "simple negligence" on his part, that others committing acts no more serious than petitioner's have been given a lesser punishment than revocation of license, and that, therefore, the penalty imposed on petitioner is "shocking to one's sense of fairness", is unpersuasive. The record demonstrates that petitioner abandoned his responsibilities as a licensed pharmacist. His acts of misconduct were flagrant. He was found not to have acted in good faith in allowing numerous "bogus" prescriptions for

controlled substances to be dispensed. Petitioner filled prescriptions for people using assumed names. When he was in doubt concerning the authenticity of prescriptions, he admittedly failed to make reasonable efforts to reach the physician and dispensed the controlled drugs anyway. The commissioner is charged with protecting the public interest and the integrity of the profession regulated. There is no basis to disturb the penalty imposed in this case (see *Matter of Bersoto Pharmacy v Board of Regents,* 58 AD2d 908; *Matter of Moskowitz v Board of Regents,* 51 AD2d 836, mot for lv to app den 39 NY2d 706). ¶ Determination confirmed, and petition dismissed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.