■ In the Matter of GEORGE G. ERDOS, Petitioner, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State.

The revocation of petitioner's license to practice medicine arose out of an investigation by the Bureau of Narcotic Enforcement of the State Department of Health in 1976. Over a two-month period during that year, petitioner admittedly wrote prescriptions for a total of 120 Quaalude tablets and 90 Tuinal capsules to undercover narcotic enforcement agents. According to the agents, petitioner prescribed these drugs in return for substantial cash payments without having conducted any physical examinations and despite having been told that the drugs were sought for nonmedical reasons by drug abusers for their own use and that of their social friends. While petitioner's testimony contradicted that of the agents on the manner in which these transactions were conducted, this presented only an issue of credibility, the resolution of which is beyond this court's power to review. Indeed, petitioner does not seriously dispute that the agents' testimony constituted substantial evidence to support the determination.

The main thrust of petitioner's application for review relates to the four-year delay in the commencement of the disciplinary hearings and an additional gap between the holding of the initial hearing in April of 1980 and its resumption and conclusion in April of 1982. Petitioner contends that these lapses of time deprived him of an "opportunity for hearing within reasonable time" (State Administrative Procedure Act, § 301, subd 1) and denied him a fair hearing. It is now well settled that regulatory hearing delays such as encountered here do not deprive the agency of jurisdiction; at most, upon a showing of substantial prejudice, unreasonable delay may constitute an erroneous exercise of authority (*Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.*, 59 NY2d 950, 952; *Matter of*

*Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818; *Matter of Axelrod [Walia],* 103 AD2d 1007). Petitioner has shown neither that the delay was unreasonable nor that he was prejudiced thereby. Respondents were not required to have initiated these proceedings until after the conclusion of the 1977 proceedings against petitioner brought by the State Department of Health under article 33 of the Public Health Law, and the resultant referral of the matter for disciplinary action thereafter (Public Health Law, § 3396, subd 5). Subsequent delays were in large part attributable to the commencement of a second proceeding under article 33 of the Public Health Law and various adjournments petitioner requested. Petitioner's claim of prejudice due to his own loss of memory as to his dealings with the undercover agents is belied by the fact that the very same charges were the subject of the earlier, promptly initiated hearings under article 33 of the Public Health Law, and that petitioner had patient notes, purportedly made at the time of the agents' office visits, which set forth his version of the key elements of these transactions.

Petitioner's remaining points are equally unpersuasive. That he received the sanction of substantial fines in the previously described article 33 of the Public Health Law proceedings and a revocation of his license to practice medicine in the instant matter for essentially the same conduct did not subject him to double jeopardy (see *Matter of Barnes v Tofany,* 27 NY2d 74, 77-78; *Matter of Pannone v New York State Educ. Dept.,* 54 AD2d 1014, 1015, mot for lv to app den 40 NY2d 808). Nor do we find that the penalty of revocation was excessive in light of petitioner's serious misconduct involving dealings in dangerous drugs (*Matter of Davis v Ambach,* 91 AD2d 1113).

Determination confirmed and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.