In the Matter of GOLD SEAL DAIRY CORPORATION, Petitioner, v JOSEPH GERACE, as Commissioner of the Department of Agriculture and Markets, et al., Respondents.—Casey, J.

Respondent Fair Lawn Dairies, Inc. (Fair Lawn) contends that petitioner lacks standing to claim that respondent Commissioner of Agriculture and Markets' determination is the product of undue influence arising from improper pressure tactics utilized by Fair Lawn. We conclude, however, that petitioner's claim is directly related to the question of whether the Commissioner exceeded his authority or disregarded statutory standards and that, therefore, petitioner, a competitor, has standing under Matter of Dairylea Coop. v Walkley (38 NY2d 6). We also reject Fair Lawn's other arguments that petitioner is precluded from asserting its claim of bias.

Our scope of review in this proceeding brought by a competitor to challenge a determination granting an applicant's

request for an extension of a milk dealer's license is limited to "whether the agency exceeded its authority or disregarded the statutory standards" *(Matter of Dairylea Coop. v Walkley, supra,* p 12). When the Commissioner grants a milk dealer's application for a license extension on the basis of the absence of the findings referred to in Agriculture and Markets Law § 258-c, he clearly acts within the authority vested in him by statute *(Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkts.,* 108 AD2d 951, *lv denied* 65 NY2d 602). An examination of the record in general, and the Commissioner's intermediate and final determinations in particular, conclusively establishes that the Commissioner gave careful consideration to whether a grant of the application would tend to be a destructive competition in a market already adequately served and whether the extension would not be in the public interest *(see,* Agriculture and Markets Law § 258-c). The record also establishes that the Commissioner granted the application on the basis of his consideration of the relevant statutory guidelines and not, as petitioner claims, due to the applicant's improper pressure tactics. Petitioner's conclusory allegations fall far short of the proof necessary to set aside an administrative determination on the ground of bias *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125). The Commissioner's determination is rational, authorized by statute and within the statutory guidelines; therefore, it cannot be disturbed *(see, Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkts., supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.