■ In the Matter of ALVIN B. OLESH, Petitioner, v GORDON M. AMBACH, as New York State Commissioner of Education, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR

article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice dentistry in New York for two years, with the last 18 months of the suspension stayed.

Petitioner has been licensed to practice dentistry in this State since 1973 and currently conducts his practice in Fresh Meadows, Queens County. On April 10, 1984, respondent State Education Department, through its Office of Professional Discipline, issued a statement of charges against petitioner containing seven specifications which was later amended to add a further paragraph to the fifth specification. The seven specifications charged petitioner with the following: (1) fraudulent practice of dentistry; (2) unprofessional conduct; (3) gross incompetence; (4) gross negligence; (5) negligence on more than one occasion; (6) incompetence on more than one occasion; and (7) being guilty of violating Public Health Law article 33 in violation of Education Law § 6509 (5) (c).

A lengthy hearing was held before a hearing panel of the State Board of Dentistry (hereinafter the hearing panel) at which testimony was taken concerning petitioner's treatment of Lorraine Stiehl, Elizabeth Lang, Carl Vano, Dennis Lionarons and Rita Jacquinot. Testimony was taken from several of the patients, several dentists who treated the patients subsequent to petitioner's treatment and Dr. Lewis Kulik, a consultant for the Education Department. The hearing panel found petitioner guilty of the first and seventh specifications and guilty of a portion of the second, fourth and fifth specifications. Respondent Board of Regents (hereinafter the Board), upon recommendation of the Regents Review Committee rejected the guilty determination of fraudulent practice and therefore dismissed the first specification. Respondent Commissioner of Education (hereinafter the Commissioner) issued an order which accepted the determination of guilt as modified by the Board. The Commissioner's order also accepted the penalty as recommended by the hearing panel, which was suspension of petitioner's professional license for 24 months upon each specification for which petitioner was found guilty, said suspensions to run concurrently, with the execution of the last 18 months of the suspension to be stayed, and probation for five years. The terms of probation provided for the practice of dentistry to the exclusion of endodontics, crown and bridge work, but provided that petitioner could have the restrictions lifted upon completion of continuing education classes in those areas of practice.

Initially, we note that the Commissioner concedes that the finding of guilt with respect to the second specification is unsupported due to the fact that the necessary intent to file an incorrect form was not specifically found *(see, Matter of Brestin v Commissioner of Educ. of State of N. Y.,* 116 AD2d 357). Accordingly, the only specifications that are at issue upon this review of the Commissioner's decision are portions of the fourth specification charging gross negligence, portions of the fifth specification charging negligence on more than one occasion and the seventh specification charging violation of the Public Health Law. Contrary to petitioner's contention, there is sufficient evidence to support the Commissioner's determination on these charges *(see, Matter of Mruthyunjaya v State of New York Educ. Dept.,* 127 AD2d 881, *lv denied* 70 NY2d 605). The findings of gross negligence and negligence on more than one occasion were based upon resolution of credibility issues and, accordingly, were factual issues within the sole province of the Commissioner to decide *(see, Matter of Di Maria v Ross,* 52 NY2d 771, 772; *Matter of Mruthyunjaya v State of New York Educ. Dept., supra,* at 882; *Matter of Rudner v Board of Regents,* 105 AD2d 555, 556).

Turning to the seventh specification, which charges petitioner with a violation of Public Health Law article 33, we note that in an April 1983 stipulation petitioner admitted to the violation of this statute. Consequently, petitioner's guilt of this charge, which involved petitioner's failure to account for 8,000 tablets of a controlled substance (Quaalude, 300 milligrams), was established *(see, Matter of Kaplan v Board of Regents,* 87 AD2d 952, 953).

A review of the record reveals that petitioner was afforded a fair hearing and that his contentions concerning bias are wholly without foundation *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Gold Seal Dairy Corp. v Gerace,* 124 AD2d 872, 873; *Matter of Gould v Board of Regents,* 103 AD2d 897). Finally, we do not find the penalty imposed herein to be shocking to our sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Determination modified, without costs, by annulling so much thereof as found petitioner guilty of the second specification, and, as so modified, confirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.