■ In the Matter of GARY S. COOKE, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education which, *inter alia*, revoked petitioner's license to practice veterinary medicine in New York.

Petitioner is a New York licensed veterinarian who was charged with four specifications of professional misconduct for practicing the profession negligently on more than one occasion, practicing the profession incompetently on more than one occasion, delegating professional responsibility to a person not qualified and receiving a fee for referrals. These charges arose from petitioner's participation in an arrangement whereby he was paid by a farm supply company to accompany its dealers on calls to farmers for purposes of providing assessments from which he would write prescriptions for drugs sold by the dealer. The Hearing Panel found that this particular arrangement was improper and recommended that the charges be sustained and petitioner's license be revoked. The Regents Review Committee adopted these findings but recommended that petitioner's license be suspended for one year and that such suspension be stayed. Respondent Board of Regents adopted the findings but revoked petitioner's license with the proviso that he could apply for restoration of his license after one year. An appropriate order was entered and this proceeding to challenge the determination followed.

We reject petitioner's contention that the findings are not supported by substantial evidence. The record supports the view that petitioner visited the four farms in question only on December 6, 1985, had some general discussions about the conditions prevailing, examined only a few calves at one farm, received no payment from these farms and was paid about $450 by the farm supply company for this work. The record further supports the view that petitioner wrote prescriptions for these farms as late as July 1986 without any further

discussions with the farmers or examinations of animals. It appears that the farm supply dealer would sell prescription drugs to the farms and petitioner, upon later review of the receipts at the farm supply company, would write the prescription in reliance upon the dealer's determination to sell the drugs. Based on these facts, we are of the view that the determination that petitioner committed professional misconduct as charged is based upon substantial evidence.

Contrary to petitioner's contention, this determination does not undermine veterinary consultant practices or whole herd treatment. Rather, the determination is based on evidence that petitioner did not establish a sufficient relationship with the farms to constitute a whole herd consultancy that would allow prescription writing several weeks and even months after the sole visit to the farms. Indeed, this conclusion is supported by the facts showing that petitioner delegated his responsibility to determine the need for prescription drugs to the farm supply dealer by routinely writing prescriptions based solely on the dealer's receipts. Even petitioner's expert acknowledged that it is the veterinarian who ultimately is responsible for determining whether a prescription is needed. In sum, then, the absence of any continuing relationship with the farms refutes petitioner's claim that he was a veterinary consultant treating on a whole herd basis beyond the sole visit on December 6, 1985. Petitioner places undue reliance on *Matter of Sherman v Board of Regents* (24 AD2d 315, *affd* 19 NY2d 679), where differing opinions in care and treatment practices were recognized as legitimate in the course of a physician-patient relationship. An analogous relationship here is not supported by the record.

Likewise, we reject petitioner's claim that the determination improperly interpreted 8 NYCRR 29.1 (b) (3) which prohibits fees for third-party referrals. Petitioner characterizes the determination as prohibiting essentially any form of third-party payment system. Such characterization is simply wrong. The regulation prohibits only fees for third-party referrals not third-party payment systems for work actually performed. Since petitioner was paid by the farm supply company rather than the farmers and was improperly writing prescriptions, the determination that he improperly received fees for referrals is adequately supported in the record.

Finally, we find no reason to interfere with the penalty imposed. We previously have upheld license revocations for improperly delegating professional responsibilities *(see, Matter of Arnold v New York State Dept. of Educ.,* 128 AD2d 985) and

improperly dispensing prescription drugs *(Matter of Jacobs v New York State Educ. Dept.,* 103 AD2d 872). Under such circumstances, the penalty is not so shocking to one's conscience as to warrant modification *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur.