■ In the Matter of PAUL M. D'AMICO, Petitioner, v COMMISSIONER OF EDUCATION OF STATE OF NEW YORK et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78

(initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician, was charged by the Department of Health's Office of Professional Medical Conduct with professional misconduct, negligence on more than one occasion and incompetence on more than one occasion in his treatment of 13 patients. Petitioner was also charged with unprofessional conduct based upon his failure to maintain accurate patient records, as well as with gross negligence, gross incompetence and unprofessional conduct in abandoning or neglecting patients. The charges revolve around petitioner's repeated failure to personally examine and evaluate patients of his who were present at a local hospital, as well as his inappropriate drug prescription, failure to keep adequate treatment records, failure to consult specialists and failure to properly utilize laboratory testing.

Although petitioner's license was summarily suspended, a Hearing Committee recommended, after nine days of hearings, that the Commissioner of Health vacate the summary suspension because the Department of Health had failed to meet its burden of showing that petitioner's practice of medicine created an imminent danger to the public (see, Public Health Law § 230 [12]). The Commissioner of Health rejected the recommendation and continued the summary order of suspension. Subsequently, five additional days of hearings were conducted after which the Hearing Committee upheld several of the specifications contained within the charges regarding negligence and/or incompetence on more than one occasion and failure to keep adequate records.

The Hearing Committee recommended to the Commissioner of Health that petitioner be suspended wholly from the practice of medicine for the time necessary for petitioner to satisfactorily complete a course of at least one year retraining in general medicine, with an additional period long enough to allow petitioner to take and pass a recertification examination in general medicine, family practice or primary medicine. The Hearing Committee declined to recommend, as requested by the Department of Health, that the summary order of suspension remain in effect until a final determination of the matter could be made by respondent Board of Regents.

The Commissioner of Health recommended to the Board of Regents that the findings of fact made by the Hearing Committee be adopted in full, but that the penalty be modified and

petitioner's license revoked because complete suspension *and* retraining was not a penalty authorized by Education Law § 6511.

The Board of Regents Review Committee adopted the recommendation of the Commissioner of Health as to findings of fact and all but three conclusions of petitioner's guilt. Respondent Commissioner of Education revoked petitioner's license and this proceeding challenging that revocation followed.

We confirm. Petitioner initially argues that the penalty imposed is invalid because it is allegedly based on the Commissioner of Health's alleged misinterpretation of the Education Law *(see,* Education Law § 6511). Without deciding the legal exactitude of the Commissioner of Health's interpretation of the Education Law, we find no merit to petitioner's argument inasmuch as the record fails to demonstrate that the penalty imposed was *based* on that interpretation. The Board of Regents is singularly responsible for imposing appropriate penalties *(see, Matter of Abraham v Ambach,* 135 AD2d 921, 923). Although the Regents Review Committee adopted the "measure of discipline" recommended by the Commissioner of Health, the record is void of any indication that the Committee failed to independently fulfill its exclusive duty to "decide what penalties, if any, to impose as prescribed [by Education Law § 6511]" (Education Law § 6510-a [2]).

Moreover, we cannot accept petitioner's argument that the penalty imposed was harsh and excessive. In reviewing the propriety of physician discipline, we are restricted to determining only whether the penalty is so incommensurate with the offense as to shock one's sense of fairness *(see, Matter of Reisner v Board of Regents,* 142 AD2d 22, 31; *Matter of Gunduy v Ambach,* 92 AD2d 956). Although many of the factual allegations were not sustained at the hearings, petitioner's *proven* misconduct, which included his failure to perform adequate physical examinations and woefully incomplete testing on patients who subsequently died, amply supports the penalty imposed.

Finally, our limited review reveals that the determination in all respects is supported by substantial evidence in the record *(see, Matter of Revici v Commissioner of Educ.,* 154 AD2d 797, 799; *Matter of Olesh v Ambach,* 134 AD2d 736, 738, *lv denied* 71 NY2d 804).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.