■ MTA Bus Company, Respondent, v Transport Workers Union of America, AFL-CIO, et al., Defendants, and Local 100 of Transport Workers Union of America, AFL-CIO, Appellant. [832 NYS2d 213]—

In an action, inter alia, to enjoin the prospective violation of the Taylor Law, the defendant Local 100 of Transport Workers Union of America, AFL-CIO, appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Jones, J.), dated May 12, 2006, which, upon an order of the same court dated April 19, 2006 granting, after a nonjury trial, that branch of the plaintiff's motion which was to suspend its right to deduct union dues from the paychecks of its members, and upon an order and judgment (one paper) of the same court dated December 20, 2005, inter alia, adjudging it guilty of contempt of court and, among other things, suspended its right to collect union dues

from its members by means of a deduction from the paychecks of its members for an indefinite period of time.

Ordered that on the Court's own motion, the notice of appeal from the order dated April 19, 2006, is deemed a premature notice of appeal from the order and judgment dated May 12, 2006 (*see* CPLR 5520 [c]); and it is further,

Ordered that the order and judgment dated May 12, 2006 is affirmed, with costs.

There was no impropriety in the manner and timing of the plaintiff's motion for an order forfeiting the right of the defendant Local 100 of Transport Workers Union of America, AFL-CIO (hereinafter Local 100), to collect the dues of those of its members employed by the plaintiff by means of a payroll deduction (*see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO,* 37 AD3d 677 [2007] [decided herewith]; L 1986, ch 929, § 34; Civil Service Law § 210 [2] [f]). Nor did the forfeiture ordered by the Supreme Court constitute punishment in violation of the Double Jeopardy Clauses of the United States or New York State Constitutions (*see* US Const Amend V; NY Const, art I, § 6; *see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, supra; Matter of Barnes v Tofany,* 27 NY2d 74, 77-78 [1970]; *People v Haishun,* 238 AD2d 521, 522 [1997]; *Matter of Erdos v New York State Dept. of Educ.,* 105 AD2d 504, 505 [1984]).

Local 100's remaining contentions are without merit (*see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, supra; New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO,* 35 AD3d 73 [2006]; *New York City Tr. Auth. v Amalgamated Tr. Union, AFL-CIO, Local 726,* 33 AD3d 595 [2006]). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.