■ NEW YORK CITY TRANSIT AUTHORITY, Respondent, v AMALGAMATED TRANSIT UNION, AFL-CIO, et al., Defendants, and LOCAL 726 OF THE AMALGAMATED TRANSIT UNION, AFL-CIO, et al., Appellants. [832 NYS2d 215]—

In an action, inter alia, to enjoin the prospective violation of

the Taylor Law, the defendants Local 726 of the Amalgamated Transit Union, AFL-CIO, and Local 1056 of the Amalgamated Transit Union, AFL-CIO, appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Jones, J.), dated May 12, 2006, which, upon an order of the same court dated April 19, 2006 granting, after a nonjury trial, the plaintiff's motion to impose a determinate contempt fine upon them and suspend their right to deduct union dues from the paychecks of their members, and upon an order and judgment (one paper) of the same court dated December 21, 2005, inter alia, adjudging them guilty of contempt of court, imposed a determinate fine upon them and, among other things, suspended their right to collect union dues from their members by means of a deduction from the paychecks of their members for a period of 30 days.

Ordered that on the Court's own motion, the notice of appeal from the order dated April 19, 2006, is deemed a premature notice of appeal from the order and judgment dated May 12, 2006 (see CPLR 5520 [c]); and it is further,

Ordered that the order and judgment dated May 12, 2006 is affirmed, with costs.

On December 15, 2005 the Supreme Court preliminarily enjoined the defendants Local 726 of Amalgamated Transit Union, AFL-CIO (hereinafter Local 726), and Local 1056 of the Amalgamated Transit Union, AFL-CIO (hereinafter Local 1056), from engaging in, causing, instigating, encouraging, or condoning a strike against the plaintiff New York City Transit Authority (hereinafter the employer). Nonetheless, on December 20, 2005 at 3:00 A.M., Local 726 and Local 1056 (hereinafter the unions) commenced a strike against the employer. The next day, the Supreme Court adjudicated the unions to be in contempt of court for violating the preliminary injunction order and, after a nonjury trial, imposed a fine of $50,000 per day for each day that Local 726 had already been on strike, or thereafter remained on strike and a fine of $75,000 per day for each day that Local 1056 had already been on strike, or thereafter remained on strike. The unions remained on strike until 3:00 P.M. on December 22, 2005 when they directed their members to return to work. Several months later, the employer moved, among other things, to fix a determinate fine predicated on the per diem fines already imposed, and for an order forfeiting the unions' right to collect dues by means of a payroll deduction. After a second nonjury trial, the Supreme Court determined that the unions had been on strike for 2½ days, and thus fixed the determinate contempt fine in the sum of $125,000 with re-

spect to Local 726 and $187,500 with respect to Local 1056. It also ordered the forfeiture of the unions' right to the payroll deduction for 30 days. The unions appeal.

There was no impropriety in the manner and timing of the plaintiff's motion for an order forfeiting the unions' right to collect the dues from its members by means of a payroll deduction (*see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO,* 37 AD3d 677 [2007] [decided herewith]; L 1986, ch 929, § 34; Civil Service Law § 210 [3] [f]). Nor did the forfeiture ordered by the Supreme Court constitute punishment in violation of the Double Jeopardy Clauses of the United States or New York State Constitutions (*see* US Const Amend V; NY Const, art I, § 6; *see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, supra; Matter of Barnes v Tofany,* 27 NY2d 74, 77-78 [1970]; *People v Haishun,* 238 AD2d 521, 522 [1997]; *Matter of Erdos v New York State Dept. of Educ.,* 105 AD2d 504, 505 [1984]).

The unions' remaining contentions are without merit (*see New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, supra; New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO,* 35 AD3d 73 [2006]; *New York City Tr. Auth. v Amalgamated Tr. Union, AFL-CIO, Local 726,* 33 AD3d 595 [2006]). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.