OPINION OF THE COURT
Bruce Balter, J.
Defendants move for an order pursuant to Civil Service Law §210 and in accordance with the order and judgment of this court dated May 12, 2006 reinstating the right of defendant Transport Workers Union of Greater New York, Local 100, AFLCIO to dues deductions and agency fee deduction.
Pursuant to the court’s order dated May 12, 2006 (New York City Tr. Auth. v Transport Workers Union of Am., 2006 NY Misc LEXIS 4046, *19, NYLJ, Apr. 26, 2006, at 19, col 3, affd sub nom. MTA Bus Co. v Transport Workers Union of Am., AFL-CIO, 37 AD3d 674 [2d Dept 2007]):
“Local 100 may seek reinstatement of its dues check-off right no earlier than three months after implementation of the forfeiture sanction. At that time, Local 100 may appear before this court, and upon a showing of good faith compliance with the mandates of the Taylor Law, and submission of an affirmation that it no longer asserts the right to strike against any government as required pursuant to Civil Service Law §§ 210 (3) (g) and 207 (3), apply for reinstatement of its right to have the employers automatically deduct membership dues from the paychecks of union members.”
The court directed that the forfeiture of dues check-off be imposed on June 1, 2007 and that the Union be permitted to apply for reinstatement no earlier than September 1, 2007.
Civil Service Law § 210 (3) (g) mandates that an employee organization seeking reinstatement of its dues check-off rights must comply with the provisions of Civil Service Law § 207 (3). Civil Service Law § 207 (3), in turn, requires the submission of an “affirmation by [the employee organization] that it does not assert the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike.”
*416 Defendants, in support of the motion, submit an affidavit of Roger Toussaint, sworn to September 28, 2007, as president of Transport Workers Union of Greater New York, Local 100, AFLCIO, and points to the contract agreement (to run from December 15, 2005 through January 15, 2009) and to their good faith compliance and adherence to the Taylor Law by not striking; paying the $2.5 million fine imposed by the court; and settling and arbitrating a number of other controversies. Defendants purport that
“[t]he Union fully recognizes whether there is a right to strike is a matter determined by law. The law is clear. The Taylor Law bars strikes against NYCT/MaBSTOA and other governmental employers. The Union does not assert the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike.” (Toussaint affidavit ¶ 10.)
In opposition, plaintiffs allege that it is in the discretion of the court to reinstate the dues check-off and submit opposition, given the extent of disruption to the public as a result of the December 2005 strike. Plaintiffs propose a conditional suspension of the dues deduction forfeiture subject to immediate revocation in the event of a strike or strike threat.
The City of New York appears in opposition, which the court recognizes as amicus. The City alleges that defendants have failed to make the requisite showing as required by the court’s order dated April 2006 of good faith compliance with the mandates of the Taylor Law, as defendants do not unequivocally state that Local 100 will neither threaten to strike, nor strike. The City refers to the Union’s “repeated history of strikes” in the last 40 years and illegal strike threats.
After a careful review of the papers, the accompanying exhibits and affidavits and the oral arguments presented to the court, and a thorough review of the provisions set forth by the Taylor Law as well as the order of Justice Theodore Jones, dated May 12, 2006, in New York City Tr. Auth. v Transp. Workers Union of Am. (2006 NY Misc LEXIS 4046, NYLJ, Apr. 26, 2006, at 19, col 3, affd sub nom. MTA Bus Co. v Transport Workers Union of Am., AFL-CIO, 37 AD3d 674 [2007]), the court hereby determines the following:
While defendants have provided a showing of some efforts of good faith compliance with the mandates of the Taylor Law, the *417 court finds the papers submitted by defendants in support of the motion to be patently insufficient to support the reinstatement of its dues check-off rights as set forth in Justice Jones’ order and in Civil Service Law § 207 (3). The court finds that the affidavit submitted by Mr. Toussaint merely parrots the statutory language in order to comply verbatim with Justice Jones’ order. Thus, taken as a whole, Mr. Toussaint’s statement is nothing more than a general acknowledgment that the Taylor Law prohibits Local 100 from striking; as such, the court finds that the submission lacks credibility and renders the motion inadequate.
The court recognizes the importance of the parties nurturing a formidable and good working relationship. Furthermore, the court does not wish to aid in hampering the Union’s leadership. Additionally, the court is cognizant of the financial implications which relate to defendants’ revenue and is mindful of the potential comprised ability of the Union to function in the future. Nevertheless, before the court can reinstate the dues check-off privilege, the court requires assurances that defendants will not engage in a future strike that will impede in the functioning of the City of New York and serve as a potential threat to the health and welfare of its citizens.
Accordingly, defendants may apply for reinstatement of the dues check-off privilege, upon a showing of complete and unequivocal good faith compliance by submitting the affidavits of Mr. Toussaint, as president, as well as from each of the individual members of the Executive Board, which state in unequivocal terms that Local 100 lacks the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike.
Accordingly, in the court’s discretion, it is hereby ordered that defendants’ motion is denied.